This is a child custody modification case.
The trial court refused to modify a prior custody award to the wife. The father appeals, and we affirm.
The father raises numerous issues on appeal in his over fifty-page brief. We will attempt to state the pertinent facts as they relate to the dispositive issues.
The primary issue of this case is whether the trial court erred in refusing to modify the prior award of custody. Since we find ample evidence in support of the trial court's judgment on this issue, and since we find no plain or palpable abuse of discretion by the court with regard thereto, we affirm the court's refusal to modify custody. *Page 70 
Briefly, the record shows that the parties were divorced in 1981, with custody of the two minor children going to the wife. The decree was modified in 1983, resulting in an increase of the husband's child support payments to $375 per month. The court found at that time that it was in the best interests of the children that they continue to remain in the custody of the wife. At the time the instant case was tried, the children had attained the ages of eight and ten years old.
The husband filed his petition to modify custody on January 8, 1987. He alleged that there had been a material change in circumstances since the 1983 order and that the best interests of his children required a transfer of their custody from the wife to him. We disagree.
To modify an award of custody in Alabama, the petitioner has the burden of showing, not only that there has been a material change in circumstances since the last decree, but also that a change of custody would materially promote the child's best interests. See Ex parte McLendon, 455 So.2d 863 (Ala. 1984). We have stated that, "[t]he positive good brought about by the modification must more than offset the inherently disruptive effect caused by uprooting the child." Wood v. Wood,333 So.2d 826, 828 (Ala.Civ.App. 1976). The court's conclusion that the husband did not satisfy the McLendon standard is supported by the evidence.
We need not repeat in detail the factual background pertinent to this issue. Suffice it to say that a hearing of approximately six hours was held on the matter on April 16, 1987, from which the court concluded that a change in custody would not be in the best interests of the children. Those allegations made by the husband in support of his argument for modification of custody — such as that the wife was schizophrenic and exhibited "immodest" behavior — were hotly disputed at trial. Indeed, at one point the testimony of the husband contradicted allegations asserted by his own counsel in his petition to modify. In short, this is one of those quintessential cases for which the ore tenus standard was created.
At best, the husband proved that he was a fit parent and that his wife was imperfect. Conversely, the record is replete with evidence of the wife's love, attention, and ability to care for her children and at times of less than rational behavior on the part of the husband.
In short, where a trial court bases its findings on evidence presented ore tenus, its findings are entitled to a presumption of correctness and will not be disturbed on appeal unless plainly and palpably wrong or manifestly unjust. Cupps v.Upton, 489 So.2d 544 (Ala. 1986). We find no such palpable error here.
The husband's main complaint, that the wife's recent move to California with the children was seriously disrupting their lives, cannot serve as the ground for the modification of custody he sought in this case in view of the contradictory evidence presented by the parties and in view of our standard of review.
The husband also contends that a whole host of procedural irregularities in the course of the instant proceedings requires reversal of the trial court's judgment. We disagree.
The more substantive contentions of the husband involve whether he was given proper notice of the nature of the hearing in this case, which resulted in the court's final order refusing to change custody from the wife to the husband.
He also contends that an order of contempt should not have been entered against him for failure to pay child support since it was entered in response to a counterclaim and petition for rule nisi by the wife before he had either been served with the counterclaim or petition or had a chance to respond to them.
The record shows that the trial court notified the parties of its intention to have a final hearing on the merits of the husband's petition to modify custody on April 16, 1987. This notice was given several days prior to the hearing and then again on the day of the hearing itself. *Page 71 
The husband indicated no objection to the trial court's intention. By not objecting to the nature of the hearing at either of these times, the husband did not preserve any error for appellate review. It is well-settled law in Alabama that such a timely objection and an adverse ruling from the trial court are necessary to preserve a question for appellate review. Conner v. State, 52 Ala. App. 82, 289 So.2d 650
(Ala.Crim.App. 1973).
Similarly, the husband was apprised before trial of the wife's petition to obtain past-due child support. True, the responsive pleadings filed by the wife with the attached counterclaim and petition for rule nisi were filed just a day or two before the hearing. Nevertheless, the husband had notice of the wife's intention with respect to the upcoming trial. In fact, the trial court made its intentions quite clear with respect to both what was to be tried on April 16 and that its judgment after the trial would be final. The court stated as follows:
 "We have a Petition to Modify first filed and subsequent thereto we had a Petition for Rule Nisi, and it's the Court's finding we're going to hear both matters today and try to wrap this thing up in one ball of wax where it will be over with. You all have been back and forth two or three times before, so it's going to be the Judge's concern to try to get this settled today. When we get through hearing the testimony, the Judge is going to enter an order, and I hope that will be final unless something extraordinary comes up because we've been litigating somewhat the same issue a couple of times in the case, and now it comes up again."
Since the husband again did not object timely to the intended course of the proceedings as described by the court, any procedural error that may have occurred was not preserved for appeal. Conner, 52 Ala. App. 82, 289 So.2d 650.
Finally, the husband raises several other issues. They concern certain other procedural matters than those mentioned above and also whether the trial judge should have recused himself from the case. Suffice it to say that we have reviewed the record and find no merit to the husband's claims. More importantly, the contentions of error made by the husband are entirely lacking in citation and authority. Rule 28(a)(5), Alabama Rules of Appellate Procedure, is pertinent to the disposition of these issues. This rule mandates citation of authority for issues raised on appeal. Gunn v. Jefferson CountyDepartment of Pensions Security, 467 So.2d 963
(Ala.Civ.App. 1985). Where an appellant fails to cite any authority, an appellate court may affirm, for it is neither its duty nor function to perform all the legal research for an appellant.Henderson v. Alabama A M University, 483 So.2d 392 (Ala. 1986). Such is the case at bar.
The wife has requested an attorney's fee for representation on appeal. A fee of $750 is hereby granted.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.