Tamara L. McQuinn Sloane ("the mother") and Jeffery T. McQuinn ("the father") were divorced in 1994. The mother was awarded physical custody of the parties' two children. Other than during a seven-month period in 1996, during which the children lived with the father when he resided in Michigan, the children have resided *Page 909 
with the mother. In March 1998, the court modified the divorce judgment, awarding the parties "joint custody," but awarding the mother "primary custody" and the father "secondary custody."
In October or November 1999, the mother allowed the children to live with the father. The reason underlying this arrangement was disputed. When the father put off returning the children after she requested that they be returned, the mother sought the advice of an attorney, who advised her that she had custody of the children pursuant to the divorce judgment. The mother then refused to return the children to the father after a "visit" with her in August 2000.
The father filed a petition to modify custody in October 2000. In April 2001, the trial court granted the father custody pendente lite. After a hearing at which the mother, the father, the mother's mother, and the mother's current mother-in-law testified, the trial court, in September 2001, awarded custody to the father. The mother appeals.
The mother argues that the trial court erred either by failing to apply the standard announced in Ex parte McLendon, 455 So.2d 863 (Ala. 1984), or by determining that the father had met that burden. The McLendon
standard is well-settled. A parent seeking a change in custody must establish that the change would materially promote the interests and welfare of the child and that the benefits of the change in custody would "`more than offset the inherently disruptive effect caused by uprooting the child.'" King v. King, 521 So.2d 69, 70 (Ala.Civ.App. 1988) (quotingWood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App. 1976)).
The trial court's order indicates that it did apply the McLendon
standard to this case. It expressly found that the children's lives would not be disrupted by awarding custody to the father because they had been in the father's custody pursuant to the pendente lite order entered in April 2001 and found that the children's lives were disrupted in "the Fall of 1999 when the [mother] left the children with the [father]." It also determined that the children's best interests would be served and that a positive good would obtain by placement in the father's custody because the father could provide a more stable environment and because "it is the belief of this Court that the children have performed better socially and academically while in the father's care."
We agree with the mother that the trial court erred in determining that the father met the burden imposed upon him by Ex parte McLendon. The trial court based its determination that the children's interests would be materially promoted by a change in custody, in part, on the "more stable" home of the father. Our review of the record reveals no evidence impugning the stability of the mother's home. She is now remarried and has resided in the same mobile home for two years; the father admits the home is suitable and well-kept. The father lives in a home behind his mother's home, and, when the children are in his custody, the son sleeps in a bedroom on the first floor of his mother's home, while he, his girlfriend, and the daughter sleep in his home.
The trial court also expressed its belief that the children performed better academically and socially while in the custody of the father. A comparison of the grades the son made during the relevant periods indicates that the child's grades fluctuated slightly at times but that, on the whole, his grades were similar during the periods he resided with either parent. In fact, the son's lowest grade was received during the *Page 910 
period he resided with his father under the pendente lite order. The son was involved in the same extracurricular activity — band — while living with both parents. The daughter was in kindergarten when she first went to live with her father in the fall of 1999. She was retained in kindergarten at the completion of the school year. No other information concerning the children's school or social lives is contained in the record.
Although we recognize that the ore tenus presumption prevents this court from reweighing the evidence in cases where the trial court hears oral testimony, makes credibility determinations, and observes firsthand the credibility and demeanor of the witnesses, we are not constrained to affirm a judgment of the trial court when the evidence fails to support the findings upon which that judgment is based. Andrews v. Andrews,495 So.2d 688 (Ala.Civ.App. 1986). We conclude that the father failed to present sufficient evidence indicating that the children's best interests would be materially promoted by a change in custody. Accordingly, we reverse the trial court's judgment modifying custody.
REVERSED AND REMANDED.
Yates, P.J., and Thompson and Pittman, JJ., concur.