This is a child custody modification case. Robert Earl Jenkins (father) and Patricia Ann Peters Jenkins (mother) were divorced on December 10, 1984. The divorce decree ordered that both parties retain joint custody of their two minor children, with the mother to provide primary residence for said children, and the father to have reasonable visitation rights and certain financial obligations. The older child is now considered by the parties to be self-supporting. This matter concerns only the younger child, Timothy Lance Jenkins.
On February 8, 1988, the father filed this petition for modification alleging that it is not in the best interest of the child to primarily reside with the mother. He sought modification awarding the full custody of the child to him. In her answer, the mother filed a counterclaim seeking an increase in the amount of child support, that the father be ordered to pay all past due and unpaid medical, dental and related expenses that had not been paid, and that the father be required to pay a reasonable sum for her attorney fees incurred in this matter.
After an ore tenus proceeding on April 4, 1988, the court denied the father's petition for modification, granted an increase in child support payments, and granted reimbursement to the mother of $322.50 for medical expenses incurred by the child. *Page 20 
The father filed a motion for new trial on April 21, 1988. The mother filed a motion to set aside the judgment on the ground that the increase in child support is still insufficient to meet the needs of the child.
Both post trial motions were denied, and the previous order was modified to substitute $188.05 for the amount of medical expenses. Additionally, the Court ordered the father to pay $500.00 for partial attorney's fees for the mother in this matter, and taxed the costs of the proceeding against the father. The father appeals. We affirm.
The father contends on appeal that the trial court erred in denying his petition, in awarding partial attorney fees to the mother, and in taxing costs against him. It is a well settled rule that the judgment of a trial court in an appeal of a divorce case which has been presented to the trial court ore tenus, is entitled to a presumption of correctness and will not be reversed unless it is so unsupported by the evidence as to be clearly an abuse of the trial court's discretion. Porter v.Porter, 477 So.2d 433 (Ala.Civ.App. 1985). This rule applies in reviewing child custody cases and requires a showing that the trial court abused its discretion and was plainly and palpably wrong. Wesson v. Wesson, 507 So.2d 536 (Ala.Civ.App. 1987).
As a general rule, a parent seeking modification of a previous order granting custody bears the burden of proving that such a change in custody will materially promote the child's best interests. Ex parte McLendon, 455 So.2d 863 (Ala. 1984). However, the stringent standard of McLendon does not always apply in joint custody situations. Ex parte Couch,521 So.2d 987 (Ala. 1988). Couch involved joint legal and physical custody where no judicial determination had been made which vested physical custody in either parent. Therefore, when the father sought custody in Couch, the Supreme Court applied the "best interest" standard placing both parents on equal ground to gain custody of the children.
In the case before us, the parents had joint legal custody, but there was a previous judicial determination that placed primary physical custody with the mother. Therefore, the trial court was correct in applying the McLendon standard and requiring the father to show that a change in custody would materially promote the welfare and best interest of the child, offsetting the disruptive effect of uprooting the child.
We have reviewed the record with the appropriate presumption of correctness and find the denial of the father's petition was not an abuse of discretion, nor plainly or palpably wrong.Wesson, supra. The father has not shown that a change in custody would materially promote the welfare and best interests of the child. McLendon, supra. He attempted to show this by contending that the mother inadequately supervised the child, resulting in the child's performance at school declining. However, the evidence clearly indicated that although the mother worked to provide for herself and the child, the supervision she provided in the form of sitters was an accepted practice and adequate supervision. Additionally, the evidence clearly shows that when the child's grades declined, a plan for correction was implemented that resulted in improvement in the child's grades. We agree that the trial court's conclusion that the father failed to meet the McLendon standard is supported by the evidence presented. The trial court's denial of his petition was not an abuse of discretion nor plainly and palpably wrong.
The father also contends that the trial court erred in awarding partial attorney fees to the mother and in taxing costs to him. This court has previously held that an award of attorney fees in child custody modification proceedings is within the trial court's discretion and will not be overturned absent an abuse of discretion. Breazeale v. Hayes,489 So.2d 1111 (Ala.Civ.App. 1986). We conclude that the trial court's award of attorney's fees was not an abuse of discretion. *Page 21 
The appellee's request for an award of attorney's fees on appeal is hereby granted in the amount of $500.00.
AFFIRMED.
HOLMES, P.J., and INGRAM, J., concur.