This is a child custody modification case.
The parties to this appeal were divorced on December 9, 1987, and, pursuant to a settlement agreement, joint legal custody of their two minor children was ordered, with primary physical custody given to Amy Taylor (mother). Alleging a substantial change in circumstances as a result of her desire to move from this state, the mother filed a petition to modify custody. Subsequently, Alan Thad Taylor (father) counterclaimed, seeking sole legal and physical custody on the grounds that the mother was unfit. He further sought to have her held in contempt for her refusal to comply with the visitation provisions of the divorce decree.
The trial court conducted a hearing on the petitions to modify the final decree on May 17 and 18, 1989. On May 24, 1989, the trial court, after finding that both parents were fit and proper persons to have custody, granted the mother's petition, concluding that such an award was in the best interests of the minor children. The order also modified the father's visitation and, furthermore, held the mother in contempt for her past failure to allow the father visitation as initially provided for in the divorce decree.
The father appeals. We affirm.
Initially, we note that the supreme court, in Ex parte Couch,521 So.2d 987 (Ala. 1988), distinguished between the two standards applicable to a review of an award of custody. If custody has not yet been determined, the appropriate standard is the "best interest of the children." Murphy v. Murphy,479 So.2d 1261 (Ala.Civ.App. 1985). If, however, there has been a judgment awarding custody to one parent, then custody will be modified only upon a showing that such a change would "materially promote" the children's welfare. Ex parte McLendon,455 So.2d 863 (Ala. 1984).
We further note that custody modification is a matter within the discretion of the trial court. Hester v. Hester,460 So.2d 1305 (Ala.Civ.App. 1984). Furthermore, in child custody cases presented to the trial court ore tenus, the judgment is presumed to be correct and will not be altered absent an abuse of discretion or a showing of plain and palpable error. Wessonv. Wesson, 507 So.2d 536 (Ala.Civ.App. 1987).
The present action was initiated by the mother, who, after having been awarded primary physical custody of the minor children, petitioned for sole legal custody as well. This court has not previously been confronted with this particular fact situation, and, consequently, we must now determine what standards should have been applied in reviewing both the mother's and the father's petitions for custody.
We will first address the propriety of the trial court's grant of the mother's petition for modification. As we have stated, the mother sought complete custody as a result of her desire to relocate outside of the state of Alabama. We note, however, that, because the original divorce decree awarded her primary physical custody, no modification was required in order for her to effect such a move for herself and her children. Nevertheless, the trial court granted her petition, modifying legal custody. Therefore, we are now called upon to determine whether such action was proper.
We conclude that the standard applicable to the trial court's grant of the mother's petition is that applied inCouch, 521 So.2d 987. Here, the mother sought only a modification of joint legal custody, which she shared with the father. Because no prior determination had been made by the trial court regarding such custody, the applicable standard is "the best interest of the children." Id.
The trial court specifically found that, as a result of the material change in *Page 1051 
circumstances, "it is in the best interest of the minor children for their primary care, custody and control to be awarded to the [mother], subject to the rights of the [father]." We agree.
Here, the trial court also found that both parents were proper persons to be awarded custody. Furthermore, the fact that the mother had already been given primary physical custody, when coupled with the fact that she desired to move with her children to Alaska, supports the trial court's determination that a modification of legal custody, in this instance, was in the children's best interests. See Hood v.Wilson, 496 So.2d 76 (Ala.Civ.App. 1986). Consequently, we find that the trial court's grant of the mother's petition did not constitute an abuse of discretion.
We will next address the propriety of the trial court's denial of the father's counter-petition for custody. Because there had been a prior order giving primary physical custody to the mother, we find that the standard applicable to the father's petition is that enunciated in McLendon,455 So.2d 863. See also Beam v. Beam, 543 So.2d 700 (Ala.Civ.App. 1989).
In McLendon, the supreme court stated that a party seeking modification of a previous order granting custody bears the burden of establishing that such a change in custody will "materially promote" the welfare of the children. Furthermore, such benefit to the children's welfare must offset the inherently disruptive effect of uprooting the children.
We have reviewed the record with the appropriate presumption of correctness and find that the denial of the father's petition was not an abuse of discretion and was not plainly and palpably wrong. Wesson, 507 So.2d 536. The father has not shown that a change in custody would materially promote the welfare of the children.
He first contends that it was error for the trial court to permit the mother to remove the minor children from this state without her first proving that such a move was in their best interests. As we have stated, the mother, as the primary physical custodian, did not require court approval prior to effecting such a move. The original decree stated that, in the event that the mother moved from her then current residence, the provision regarding the pickup and return of the children was reviewable by the trial court. It did not, however, prohibit her from making such a move, nor did it forbid her from relocating with her children outside of this state. Consequently, we find no error with respect to this issue.
The father next asserts that the trial court erred in failing to grant his petition for custody due to his allegations that the mother was unfit. As evidence of this, he cites testimony regarding the mother's past indiscreet conduct occurring subsequently to the parties' divorce.
This court, however, has found that acts of adultery or sexual indiscretion by a parent do not prohibit an award of custody to that parent, Etheridge v. Etheridge, 375 So.2d 474
(Ala.Civ.App. 1979), nor are such acts alone sufficient to mandate a modification of a prior custody award. Capper v.Capper, 451 So.2d 359 (Ala.Civ.App. 1984). Rather, the parent seeking a modification of custody on those grounds must first demonstrate that such conduct has a detrimental effect on the children whose custody is being sought. Smith v. Smith,464 So.2d 97 (Ala.Civ.App. 1984).
Here, the trial court found the mother to be a fit and proper person to have custody of the children, despite evidence before it regarding her sexual history. Furthermore, the father did not adduce evidence as to how, or if, such acts detrimentally affected the children. Therefore, in light of the attendant presumption of correctness regarding ore tenus proceedings, we refuse to conclude that the trial court erred in finding the mother to be fit.
The father further asserts that the trial court erred in prohibiting him from adducing evidence of the mother's alleged adultery prior to their divorce to substantiate his contention that she was an unfit parent. The trial court had before it ample evidence of the mother's sexual behavior after the *Page 1052 
divorce. Nevertheless, absent a showing by the father that such behavior on the mother's part detrimentally affected the children, the trial court declined to find her unfit. Therefore, even assuming arguendo that it was error for the trial court to refuse evidence of such alleged adultery, we find that it was, at most, harmless error.
Finally, the father asserts that the trial court committed error by failing to order that the mother post bond to ensure that the father's court-ordered visitation would not be violated. We note, however, that the issue of whether bond should be posted prior to allowing a parent to remove a child from the state lies within the sound discretion of the trial court. Keeton v. Keeton, 472 So.2d 1082 (Ala.Civ.App. 1985). Although the mother has once been held in contempt for her refusal to comply with the visitation provisions of the original divorce decree, we do not find that the trial court abused its broad discretion in failing to require that such a bond be posted.
Therefore, in light of the above, we find that the decision of the trial court granting the mother's petition for a modification of legal custody is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.