This is a child custody case.
The parties were divorced in June 1988. The divorce decree incorporated terms of an agreement by and between the parties whereby the mother had sole custody of the parties' daughter and the parties shared joint custody of their two sons. The decree provided that the younger son, whose custody is at issue in the present case, was to reside with the mother during the school year and with the father during the summer months. Both parties were allowed visitation privileges.
In June 1990 the mother filed a petition seeking, among other things, contempt orders for the alleged failure of the father to pay child support and medical expenses. The mother also sought modification of the father's visitation privileges pertaining to the younger son. The father answered by *Page 234 
substantially denying the mother's allegations. In August 1990 the father filed a counterpetition to modify, wherein he sought custody of the younger son or, in the alternative, to continue joint custody and modify the decree to change the living arrangements regarding the child.
After an ore tenus proceeding in November 1990, the trial court entered an order awarding custody of the younger son to the father. The trial court denied the mother's subsequent motion for new trial or for leave to offer additional evidence. The mother appeals from the award of custody, and we affirm.
The mother raises several issues on appeal. She first asserts that the trial court applied the improper standard in reaching its decision to award custody of the younger son to the father.
As a general rule, the party seeking to modify a prior custody decree bears the burden of proving that the change in custody "materially promotes the welfare and best interest of the child" in a manner sufficient to more than offset the effects caused by the uprooting of the child from his present custodian. Ex parte McLendon, 455 So.2d 863 (Ala. 1984). However, where there is no prior order granting exclusive custody to one parent, the McLendon standard does not apply. Instead of the heightened "materially promote" standard, the "best interest" and welfare of the child standard applies when custody has not been awarded to one parent. Ex parte Couch,521 So.2d 987 (Ala. 1988).
In the present case the parties were awarded joint legal custody of the younger son under the terms of the divorce decree. Because neither party was awarded exclusive custody of the child, the "best interest" and welfare of the child standard was appropriate. Id. The mother, however, argues that the father should be required to meet the heightened McLendon
standard, because the divorce decree provided that the child was to be with her during the school year and with the father during the summer months, and therefore any change in custodial rights would uproot the child from his present school system. However, these facts do not satisfy the requirements of Jenkinsv. Jenkins, 541 So.2d 19 (Ala.Civ.App. 1989), which holds thatMcLendon may apply in joint custody situations, if "there was a previous judicial determination that placed primary physical custody with [one parent]." Id. at 20. This court has previously interpreted court-approved joint custody arrangements that provide that one parent has "primary physical custody" during the regular school year and that the other parent has "primary physical custody" during the summer months as legally placing "joint or split physical," rather than primary, custody with each parent. Hovater v. Hovater,577 So.2d 461, 464 (Ala.Civ.App. 1990). In the present case, therefore, in the absence of a previous judicial determination giving exclusive physical custody to one parent, the parties are placed on equal ground to gain custody of the child. Couch,521 So.2d 987; Jenkins, 541 So.2d 19.
We note here that a judgment entered after ore tenus proceedings in a child custody case is entitled to a presumption of correctness and will not be reversed absent a clear abuse of the trial court's discretion. Nicholas v.Nicholas, 464 So.2d 527 (Ala.Civ.App. 1985).
Upon careful review of the record, we can find no error in the trial court's award of custody of the younger son to the father. The record reveals that since the parties' divorce, there have been numerous conflicts involving the living, educational, and visiting arrangements of all three of the parties' children and that a number of disciplinary and personal problems with the children have arisen. The trial court attributed these problems, at least partially, to the inherent instability created by the original joint custody agreement. We find that the trial court could have properly reasoned that these events, when taken as a whole, constituted a material change in circumstances justifying modification of the prior decree.
Giving due consideration to the mother's argument that placing primary custody of the child, who was seven at the time of *Page 235 
trial, with the father would require the child to change schools, we nonetheless find ample evidence to support an award of custody to the father. While the record indicated animosity between the parents, the evidence and testimony tended to show that both parties provided for the child's emotional, financial, and educational needs. Both parties presented testimony as to their fitness to raise the child, and both attested to their love for the child. We would note here that, given our standard of review, had the trial court awarded the mother custody of the child, our decision would likely be the same.
The mother next asserts that the trial court held an in camera interview with the parties' fourteen-year-old son, who was a witness for the father at trial, without giving sufficient notice. The rule is that a trial court may conduct an in camera interview with a minor, provided that the court first notifies the parties of its intention and there is consent or waiver from the opposing counsel. Ex parteBerryhill, 410 So.2d 416 (Ala. 1982). This consent may be made conditional upon the presence of a court reporter. Ex parteWilson, 450 So.2d 104 (Ala. 1984).
The record reveals that when the trial court indicated it wanted to conduct an in camera interview with the older son, the mother neither objected nor requested that a court reporter be present. Further, the issue was not raised by the mother after the interview, nor was it raised later in her motion for new trial. It is raised for the first time on appeal. The law clearly is that matters not raised at trial cannot properly be raised for the first time on appeal. Hutchins v. Shepard,370 So.2d 275 (Ala. 1979).
We note also that when an in camera interview with a child is conducted by the trial court and no record is made of the interview, this court will presume that the interview supports the findings of the trial court. Small v. Small, 412 So.2d 283
(Ala.Civ.App. 1982).
The mother also asserts that the trial court erred in denying her motion for new trial or for leave to offer additional evidence. In this motion the mother attempted to present an affidavit with testimony from the parties' seventeen-year-old daughter as newly discovered evidence material to the issues in the case. The trial court found that the proffered testimony failed to meet the criteria for granting a new trial based on newly discovered evidence, as set out in Welch v. Jones,470 So.2d 1103 (Ala. 1985). Specifically, the trial court found that the daughter's testimony was not evidence that could not have been discovered through the exercise of due diligence before the trial and that it was not of such a nature that a different verdict than that already obtained probably would have resulted.
Granting or denying a new trial on the ground of newly discovered evidence rests largely in the trial court's discretion, and its order will not be reversed on appeal unless it appears that the court violated some legal right of the appellant or abused its discretion, the presumption being that the discretion was properly exercised. Id. Upon examination of the record, we do not find that the trial court abused its discretion when it denied the mother's motion for new trial.
Our review of the record leads us to conclude that the father is fit to be awarded custody of the child. Consequently, we cannot say that the trial court's award of custody to the father was plainly and palpably wrong. The decision of the trial court is due to be affirmed.
Each party has requested an attorney's fee for representation on appeal. The father's request is granted in the amount of $500. The mother's request is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 236