This is a child custody case.
Paul Alan Poe (father) and Marsha Poe Capps (mother) divorced in March 1987, reserving the issue of child custody for a later determination. Ultimately, the trial court determined that both parents were suitable parents and entered an order stating that custody of the child would alternate annually between the parents, and setting out the other terms of the custody and visitation arrangements. Unsuccessful petitions to modify that custody order have followed. In 1991, following the denial of the father's request to modify the alternating custody award, the trial court's order stated that the denial was based on the father's failure to prove the required material change of circumstances to modify the previous award. Hence, this appeal.
The issue raised by the father in this appeal is whether the trial court erred in denying his petition to modify the previous decree and award custody of the child to the father.
A child custody determination is a matter within the discretion of the trial court, and if the decree is supported by credible evidence, it is our duty to affirm it. Cole v.Cole, 442 So.2d 120 (Ala.Civ.App. 1983). In initial custody determinations, the parties stand on equal footing without a favorable presumption to either, Santmier v. Santmier,494 So.2d 95 (Ala.Civ.App. 1986); however, to change custody from one parent to another, the burden is on the party seeking the change to show some change of circumstances justifying the change. Whitfield v. Whitfield, 570 So.2d 700 (Ala.Civ.App. 1990). When there is a prior custody decree, the parent seeking the change in custody must show that a material change in circumstances has occurred since the last decree, that a change in custody will materially promote the child's best interests, and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon, 455 So.2d 863 (Ala. 1984).
The previous custody decree in the instant case provides for annual alternating custody between the parents. There has not been a custody determination favoring either parent. Therefore, the stringent standard set out in McLendon, supra, is not appropriate in this fact situation. Where both parents come before the trial court equally to request an initial custody determination between them, the appropriate standard is the best interests of the child. Ex parte Couch, 521 So.2d 987
(Ala. 1988); Hovater v. Hovater, 577 So.2d 461 (Ala.Civ.App. 1990); Santmier, supra. See Taylor v. Taylor, 563 So.2d 1049
(Ala.Civ.App. 1990), and Jenkins v. Jenkins, 541 So.2d 19
(Ala.Civ.App. 1989).
The only custody determination at this point in the history of this case is that the parents will alternate custody of the child on an annual basis. This interesting custodial provision appears to be another step into the nebulous concept of "joint custody." We reiterate Judge Wright's conclusion that this confusing concept has a piecemeal evolvement via judicial judgments which lack legislative guidance and may be a means "to assuage the egos of the parties." Hovater at 466. InHovater, Judge Wright suggested cautious use of "joint custody" and indicated that "joint custody may not always be in the children's best interests." Hovater at 466.
In the instant case, it appears that the somewhat unique alternating annual custody arrangement affords each parent equal time with the child, leaving the parents on an equal footing and avoiding a true custody determination. Apparently, that arrangement was workable and satisfactory with the parents and the child until the child became old enough to enter school. Since that time, and should the arrangement be allowed to continue, the child is required to move and change schools each year as long as the parents reside in different school districts. At the present time, *Page 625 
the parents reside in different counties. It is not inconceivable that the parents may some day reside in different states or countries; that would require an even greater change for the child each year. The father's petition to modify that unique custody arrangement appears to be a step towards providing academic stability for the child by having the issue of custody finally adjudicated.
The trial court literally faced an initial custody determination in this petition to modify. See Jenkins, supra, and Couch, supra. Therefore, it must determine what is in the child's best interests. Hovater, supra. In determining what is in the best interests, "the trial court should consider a variety of factors, including the sex and age of the children; their emotional, social, moral, material, and educational needs; and the characteristics of those seeking custody, including age, character, stability, mental and physical health, and their respective home environments." Santmier at 96.
Here, the trial court failed to utilize the proper standard for an initial custody determination, i.e., the best interests of the child. Therefore, the cause must be remanded to the trial court for a determination of what custodial arrangement is in this child's best interests. This may be done by entering a new order utilizing the existing record evidence, or by holding further evidentiary proceedings. This case is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.