622 So.2d 1316 (1993)
Lucien Burns BERREY, Jr.
v.
Annie Marie BERREY.
2910540.
Court of Civil Appeals of Alabama.
February 26, 1993.
Rehearing Denied April 2, 1993.
Certiorari Denied June 25, 1993.
*1317 Thomas W. Harmon of Williams, Harmon & Hardegree, Anniston, for appellant.
Raymond C. Bryan, Anniston, for appellee.
Alabama Supreme Court 1921066.

ON APPLICATION FOR REHEARING
YATES, Judge.
This court's original opinion, dated January 8, 1993, is withdrawn, and the following is substituted therefor:
The parties were divorced on December 7, 1990. A written agreement between the parties was ratified and made a part of the divorce judgment. It provided, in pertinent part, that the parties were to have joint legal custody of their minor child, that the parties were to share decision-making authority regarding major decisions affecting the welfare and upbringing of the child, that the parent having physical placement of the child would decide all routine matters concerning the child's welfare, and that disagreements would be mediated by an arbitrator or mental health counselor. It further provided that the child's primary residence was to be with the wife and that the husband's visitation would consist of two days and nights twice a month, four weeks during the summer, certain holidays, and other visitation, as mutually agreed upon.
On September 17, 1991, approximately nine months after the divorce, the husband filed a petition to modify, requesting that the trial court transfer "physical custody of the minor child from the [wife] to the [husband]." (Emphasis supplied.) He subsequently filed a motion for a temporary restraining order to prevent the wife from removing the child from Calhoun County, Alabama. This motion was granted by the trial court. The trial court denied the petition to modify, stating that the evidence was not sufficient to show that a transfer of physical custody would materially promote the best interests of the child or "that the positive good brought about by such change would far outweigh the inherent disruption in the child's life. Taylor v. Taylor, 563 So.2d 1049 (Ala.Civ.App. 1990)." It further stated that, although the wife's planned move to Ohio was a major decision, she had not carried through with her plans to move.
The husband filed a motion to alter, amend, or vacate, stating that the wife had moved to Ohio without submitting to arbitration. The trial court subsequently entered an order stating that it was not convinced that the motion should be granted, but that the motion already was deemed denied by operation of law, pursuant to Rule 59.1, Alabama Rules of Civil Procedure.
The husband appeals, contending only that the trial court erred in utilizing the "McLendon standard" in its decision to deny the petition for modification of physical custody. We affirm.
In Taylor v. Taylor, 563 So.2d 1049, 1051 (Ala.Civ.App. 1990), this court addressed a similar situation as follows:
"We will next address the propriety of the trial court's denial of the father's counter-petition for custody. Because there had been a prior order giving primary physical custody to the mother, we find that the standard applicable to the father's petition is that enunciated in [Ex parte] McLendon, 455 So.2d 863 [(Ala.1984) ]. See also Beam v. Beam, 543 So.2d 700 (Ala.Civ.App. 1989).
"In McLendon, the supreme court stated that a party seeking modification of a previous order granting custody *1318 bears the burden of establishing that such a change in custody will `materially promote' the welfare of the children. Furthermore, such benefit to the children's welfare must offset the inherently disruptive effect of uprooting the children.
"We have reviewed the record with the appropriate presumption of correctness and find that the denial of the father's petition was not an abuse of discretion and was not plainly and palpably wrong. Wesson [v. Wesson], 507 So.2d 536 [Ala. Civ. App. 1987]. The father has not shown that a change in custody would materially promote the welfare of the children."
(Emphasis supplied.)
In Reuter v. Neese, 586 So.2d 232 (Ala. Civ.App. 1991), parents shared joint custody of their younger son, who was to reside with the mother during the school year and with the father during the summer months. This court followed Hovater v. Hovater, 577 So.2d 461 (Ala.Civ.App.1990), in determining that such an arrangement was "joint or split" physical custody, rather than primary custody, and that, therefore, the best interests and welfare of the child standard should apply.
This court also has determined that, where the parties have joint custody, with the mother having physical control subject to the father's right to reasonable visitation, the mother was the custodial parent and that McLendon governed a modification of the custody arrangement. Hays v. Elmore, 585 So.2d 40 (Ala.Civ.App.1990).
Finally, in Jenkins v. Jenkins, 541 So.2d 19 (Ala.Civ.App.1989), the divorce decree provided that both parties were to retain joint custody of their two minor children. The mother was to provide the primary residence for the children, and the father was to have reasonable visitation rights. This court stated the following:
"As a general rule, a parent seeking modification of a previous order granting custody bears the burden of proving that such a change in custody will materially promote the child's best interests. Ex parte McLendon, 455 So.2d 863 (Ala. 1984). However, the stringent standard of McLendon does not always apply in joint custody situations. Ex parte Couch, 521 So.2d 987 (Ala.1988). Couch involved joint legal and physical custody where no judicial determination had been made which vested physical custody in either parent. Therefore, when the father sought custody in Couch, the Supreme Court applied the `best interest' standard placing both parents on equal ground to gain custody of the children.
"In the case before us, the parents had joint legal custody, but there was a previous judicial determination that placed primary physical custody with the mother. Therefore, the trial court was correct in applying the McLendon standard and requiring the father to show that a change in custody would materially promote the welfare and best interest of the child, offsetting the disruptive effect of uprooting the child."
Id. at 20. (Emphasis supplied.)
The husband claims that, because the parties were to confer with each other and to share decision-making as to major decisions and because routine matters were to be decided by the party having physical placement at that time, there was no determination of physical custody. He further claims that he never intended to give up physical custody.
The wife argues that there was a determination of primary physical custody, both in fact and in practice, and that this case may be distinguished from those with joint or split physical custody.
After careful consideration on rehearing, we agree with the wife. We find that the statement, that the child's primary residence shall be with the wife, as well as the limited specified visitation time with the husband, was, in effect, a grant of primary physical custody of the child to the wife. See Jenkins. Therefore, we hold that the trial court properly applied the standard set out in McLendon. The judgment is due to be affirmed.
*1319 The wife's request for an attorney's fee for representation on appeal is granted in the amount of $500.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.
ROBERTSON, Presiding Judge, dissenting.
The judgment of divorce provided that the parties were to have joint legal custody of the minor child and were to share decision-making authority regarding the welfare and upbringing of the child. I would find that no custody determination favoring either parent had been made and that the best interests and welfare of the child standard should apply in this case instead of the McLendon standard. Ares v. Martinez, 589 So.2d 750 (Ala.Civ.App.1991); Reuter v. Neese, 586 So.2d 232 (Ala.Civ. App. 1991); Hovater v. Hovater, 577 So.2d 461 (Ala.Civ.App.1990).
Therefore, I respectfully dissent.