ROBERTSON, Presiding Judge.
This child custody dispute is between two parents who divorced without adjudicating custody of their minor child. The father has had the primary physical custody of the child during most of the child’s life.
John Stanton and Terri Stanton were married on August 1,1986, and were divorced on June 18, 1991, in Philadelphia County, Pennsylvania. In order to facilitate the divorce, the parties elected not to address the issue of custody of the parties’ minor child, an almost three-year-old daughter, Seleta.
The mother and the father were both medical students in Miami, Florida, when the child was born in August 1988. The parties shared the responsibilities for the child while they lived in Miami.
In June 1990, the parties and the child moved to Maryland. The parties procured a one-bedroom apartment in Greenbelt, Maryland, and an efficiency apartment in Philadelphia, Pennsylvania. The mother and the child stayed in the apartment in Maryland, where the mother began her medical internship in surgery. The father began his medical internship in Philadelphia, where he stayed in the efficiency apartment. He returned to Maryland almost every weekend to help care for his daughter.
In September 1990 the mother decided she wanted a divorce, and the parties “separated.” In October 1990 the mother, due to her *244 work schedule and the father’s limited living accommodations, sent the child to Miami, Florida, where she stayed with the mother’s sister, Antoinette Thigpen. In December 1990, Seleta was returned to her mother in Maryland. Then in February 1991, the mother again sent Seleta to Miami to stay. In the meantime, the father had applied for a position in the U.S. Army.
The father testified that, following the divorce, he became concerned about Seleta’s safety in Miami and that, after he finished his internship, he elected to delay his medical education in order to care for her. He testified that as a member of the U.S. Army, he could elect to forego his residency and become a general medical officer, which he did. After a temporary assignment at Fort Sam Houston in Texas, he was transferred to active duty at Fort Rucker, Alabama, in August 1991. He immediately went to Miami and brought his daughter to live with his mother in Peterman, Alabama, until he could get settled at Fort Rucker. The child’s mother testified that she agreed for the father to assume custody of the child. The father remarried in September 1991, and the child began living with the father and stepmother. He has retained full care and custody of the child since that time.
In June 1992 the father filed this action, seeking an order granting custody of his daughter to him, with the mother to have reasonable visitation. The mother counterclaimed for custody. The case was tried in September 1992. The trial court entered a judgment in October 1992 and found that it was in the best interests of the child that the father retain temporary custody, pending the mother’s move to her new home. However, the trial court granted the full care, custody, and control of the child to the mother commencing January 1, 1993. The trial judge found that both parties had remarried and that both parents were suitable parents for the full care, custody, and control of the minor child.
The dispositive issue on appeal is whether the trial court properly applied the appropriate standard when it granted custody of the child to the mother.
As a general rule, when evidence is presented ore tenus, a child custody determination is committed to the sound discretion of the trial court and will not be reversed on appeal absent a finding that the determination is so unsupported by the evidence as to be plainly and palpably wrong. Ex parte Walters, 580 So.2d 1352 (Ala.1991).
Also, as a general rule, the father and the mother stand on equal footing in an initial determination of custody, and no favorable presumption inures to either party. Hall v. Hall, 571 So.2d 1176 (Ala.Civ.App.1990).
However, when a parent voluntarily relinquishes custody to the other parent before an initial determination of custody is made, when the custodial parent retains custody for an extended period of time, as in this case, and when the minor child has settled into a happy and healthy environment with the custodial parent, then the non-custodial parent may not regain custody without establishing that a change in custody would materially promote the child’s welfare and best interests in accordance with Ex parte McLendon, 455 So.2d 863 (Ala.1984). The degree to which the child’s best interests and welfare are materially promoted must be shown to more than offset the disruptive effects which result from uprooting the child from her current environment. McLendon.
The father’s testimony discloses that he interrupted his medical education to take a medical position with the Army so that he might care for Seleta. The mother chose to continue her medical education and residency. She testified that she will be in residency training until 1995. Until that time she will be required to do “early morning rounds” and will often be required to stay overnight at the hospital, if conditions dictate. She would be unavailable to care for the child, and the child would be without relatives, other than her stepfather, to help care for her in Maryland. In Alabama the father and stepmother are both available to care.for the child, as well as her grandmother and other relatives.
The record reflects that the child’s educational, economic, moral, social, and material *245 needs were being met while in the care and custody of the father and stepmother. She was very happy and healthy while living with them. The mother, herself, testified that while the child was in the father’s care, she appeared “to be clean, well-dressed, and healthy.”
The father and his present wife have a home in an upper middle-class residential neighborhood, with a large fenced-in backyard and a pool. Seleta has her own bedroom and many toys there. Seleta was able to visit her grandmother and other relatives on a regular basis. She also enjoyed playing with her cousins and friends.
The record indicates that Seleta and her stepmother have developed a strong bond. The record further indicates that Seleta and her mother do not have a close relationship, which the mother blames on the stepmother. The record reflects that while the father had custody of the child, the mother visited the child approximately four times during a period of fourteen months. This obviously indicates the time demands of her rigorous work schedule in her medical residency.
We find that the mother failed in every respect to present sufficient evidence to show that a custody change would materially promote the child’s best interests. McLendon. This in no way indicates that the mother is not a fit and proper person to have the care and custody of Seleta; however, the primary consideration in any custody decision is the best interests and welfare of the minor child. Hall. Even without the McLendon standard, the record evidence reflects that the best interests of the child would best be served by placing custody with the father.
The judgment of the trial court is hereby reversed, and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
YATES, J., concurs.
THIGPEN, J., concurs in result only.