THIGPEN, Judge,
concurring in the result only.
Although I concur that the trial court’s judgment should be affirmed, I am concerned that the parties may think this court ignored the issue they raised on appeal. The father petitioned for custody, not joint custody, and on appeal, he challenges “whether or not a trial court may create joint custody, on modification, and award secondary custodial parent visitation every weekend limiting primary custody.” The mother’s brief succinctly couches the issue as simply, “[d]id the trial court abuse its discretion in awarding joint custody?”
This case exemplifies some of the confusion and problems created by use of nebulous terms in custody orders. See Ex parte J.P. & E.P., 641 So.2d 276 (Ala.1994). Regardless of the words utilized by a trial court attempting to order joint custody, if certain terms and conditions regarding custody favor one parent over the other, the appellate courts do not consider that order as a true joint custody determination. See e.g., Berrey v. Berrey, 622 So.2d 1316 (Ala.Civ.App. 1993); Blackmon v. Scott, 622 So.2d 393 (Ala. Civ.App.1993); Poe v. Capps, 599 So.2d 623 *1207 (Ala.Civ.App.1992); Hays v. Elmore, 585 So.2d 40 (Ala.Civ.App.1990); Crane v. Crane, 568 So.2d 615 (Ala.Civ.App.1990); Jenkins v. Jenkins, 541 So.2d 19 (Ala.Civ.App.1989). See also Ex parte Couch, 521 So.2d 987 (Ala.1988).
In the case sub judice, although the trial court attempted to order joint custody, in fashioning its order, it effectively granted the father’s petition and changed custody from the mother to the father subject to liberal visitation for the mother. Therefore, although the issue is couched in terms of whether a trial court can create a custody determination that was not sought, the true issue on appeal, as addressed by the majority, is whether the trial court abused its discretion in its determination regarding visitation.