This is a child custody modification case.
William D. Moncrief, Jr., and Terri L. Moncrief were divorced on December 1, 1993. The divorce judgment provided that custody of the parties' 18-month-old child would be "joint," with the father "having primary responsibility of care and control." The parties also entered into an agreement that was incorporated into the terms of the divorce judgment. The agreement established a joint residential arrangement whereby the minor child would alternate living with each parent in one-week or two-week intervals, and the parties essentially followed this arrangement. The agreement also provided that, so long as custody remained joint, neither parent was to move from Alabama.
On January 19, 1995, the father filed a petition to modify, claiming that he had discovered that the mother had begun residing with a man whom he alleged she had known for only two weeks and that the mother had allowed the man to babysit the child at night while she worked. The mother filed a counter petition for custody. After a hearing, the trial court granted the mother full care, custody, and control of the minor child and required the father to pay child support. The father filed a motion to alter, amend, or vacate the judgment, or for a new trial, based on the fact that the mother had moved to Indiana; he further alleged that the child support award was excessive. The trial court amended its order to reduce the father's *Page 896 
child support obligation, but otherwise reaffirmed the previous order. The father appeals.
The father argues that the trial court failed to apply the appropriate standard for determining whether to modify custody. We agree. The trial court's order stated that it found a "material change in circumstances." However, the appropriate standard to be applied in a case such as this is the test enunciated in Ex parte McLendon, 455 So.2d 863 (Ala. 1984).McLendon provides that a parent seeking to modify a previous custody order bears the burden of proving that such a change will materially promote the child's best interest and welfare, i.e., that the benefits of the change outweigh the inherently disruptive effect caused by uprooting the child. Id. at 866. We note that the stringent McLendon standard does not always apply in joint custody situations. Jenkins v. Jenkins, 541 So.2d 19,20 (Ala.Civ.App. 1989) (citing Ex parte Couch, 521 So.2d 987
(Ala. 1988)). When a previous custody order has established joint custody and has not vested physical custody in either parent, the standard of "best interest" of the child applies and places both parents on equal ground for the purpose of determining custody. Jenkins, 541 So.2d at 20. However, when a joint custody order favors one parent, the McLendon standard governs the determination of modification of custody. Id. InJenkins, the court found that the McLendon standard applied because the trial court's order, which had granted joint custody to the parents, also granted primary physical custody to the mother. Id.
In the present case, the custody order stated that the father was to have "primary responsibility of care and control" of the minor child. That statement in the trial court's order is, in effect, a grant of primary physical custody to the father, making the McLendon standard applicable to the modification proceedings below. See also, Berrey v. Berrey, 622 So.2d 1316
(Ala.Civ.App. 1993). In support of its decision to modify custody, the trial court found that there had been "a material change in circumstances" because of an incident when the father was arrested for public intoxication after driving with the minor child in his car.[1] This court has held that "a mere change in circumstances is not enough to support a change in custody."King v. King, 636 So.2d 1249, 1253 (Ala.Civ.App. 1994). Although the trial court is afforded great discretion in matters of child custody, its judgment will be reversed if it is plainly and palpably erroneous. Clayton v. Clayton,598 So.2d 929 (Ala.Civ.App. 1992). The failure to apply the appropriate standard is reversible error. Clayton, supra, at 930; King, supra, at 1253. Therefore, the judgment of the trial court on the custody issue is reversed and the cause is remanded to allow the trial court to evaluate the evidence in accordance with McLendon.
The father also argues that the trial court erred in ordering him to pay monthly child support of $348. He argues that that amount is excessive, and that the trial court incorrectly computed his support obligation under Rule 32, Ala.R.Jud.Admin.
The amount of $348 per month was the total that was entered on the child support guideline form completed by the mother's attorney. That form assessed the father's monthly gross income at $1,800. However, the trial court found in its order that the father earned $300 per week, or approximately $1,300 per month. Based on that finding, the support obligation should have been calculated based on a monthly income of $1,300. The trial court additionally ordered the father to pay $120 per month, half of the monthly cost for the child's day care, but later amended its judgment to relieve the father of that obligation.
On remand, if the trial court determines that, under theMcLendon standard, a change of custody would materially benefit the child, then it is ordered to calculate the father's child support under Rule 32 based on his actual monthly income and the actual child care expenses, if any. *Page 897 
The judgment of the trial court is reversed, and the cause is remanded for the entry of a judgment consistent with this opinion.
Each party's request for an attorney fee is denied.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.
[1] We note that the record discloses that this incident occurred soon after the divorce judgment was entered, 18 months before the trial on the modification petition, and, therefore, does not appear to reflect a "change of circumstances."