CRAWLEY, Judge.
In 1985, C.M.M., now a 10-year-old girl, was born to C.M.L., who was then single. Less than two years later, when the mother moved out of state, the child came to live with L.S.M., who, in a paternity action, had been determined to be her father.
In June 1991, the father filed a petition, alleging that the child was dependent and seeking custody. In an ex parte order entered the same day, the family court declared the child dependent and awarded her custody to the father, pending further orders of the court. The court set September 3, 1991, as the date for a preliminary hearing on the petition. On September 3, counsel for the mother, the father, and the Department of Human Resources (DHR) appeared; however, the case was reset for September 5.
On September 5, counsel for all parties appeared, as well as a guardian ad litem for C.M.M. The case action summary for that date notes that trial was reset for November 1, 1991, and that on September 5 the court entered this order: “Pending trial, care custody and control of [C.M.M.] is hereby awarded to her father — [L.S.M.]. Mother granted visitation with child upon 24 hour notice to father.” Trial was reset a number of times; it finally was conducted on October 30, 1992. On December 14, 1992, the family court judge entered the following order:
“After hearing testimony and receiving evidence, this Court finds that custody of said minor child — [C.M.M.] is awarded jointly to her father — [L.S.M.], and her mother — [C.M.L.] with physical custody of said minor child remaining with her father during the school year and her mother during the summer.”
In April 1995, the mother filed an action to obtain sole custody of C.M.M. At the beginning of trial on December 1,1995, counsel for the parties discussed with the court what standard of proof should apply to the action for modification of custody. The father, the guardian ad litem, and DHR argued that the McLendon[1] standard should apply. The mother maintained that the “best interest” standard should apply. The family court decided that the McLendon standard was applicable because there was a September 5, 1991, order “giving exclusive custody to the father and granting the mother visitation.” Applying this standard, the court ruled as follows:
“[T]his Court finds that there has not been a material change in circumstances that would promote the child’s best interest if said minor child was removed from the physical custody of her father. Said case to remain under all prior orders of this *377 Court regarding joint custody and visitation rights.”
The mother appealed; we reverse.
If there has been a grant of primary physical custody to one party, then McLendon applies; if not, the “best interest” standard applies. Ex parte Couch, 521 So.2d 987 (Ala.1988). The September 5, 1991, order did not activate the McLendon rule, because it was a pendente lite order. “[A] pendente lite order, whether entered ex parte or after notice and hearing, clearly envisions a temporary disposition of custody pending a later final determination of the custody dispute.” Sims v. Sims, 515 So.2d 1, 2 (Ala.Civ.App.1987). The September 5 order indicates that the father was granted custody pending trial, after which the court would make a final determination regarding custody. “It is well settled that a pendente lite order changing custody does not shift the burden of meeting the McLendon standard to the parent who temporarily loses custody by virtue of that order. See T.L.L. v. T.F.L., Jr., 580 So.2d 1859 (Ala.Civ.App.1991); Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987).” D.P.M. v. D.B., 669 So.2d 191, 194 (Ala.Civ.App.1995).
In order to determine what evidentiary standard applied in this ease, the family court was required to look to the order it entered on December 14, 1992. That order awarded custody “jointly to [the] father ... and [the] mother, with physical custody of said minor child remaining with her father during the school year and her mother during the summer.”
“Where the parties agree to joint legal custody and shared physical custody of the children without a judicial determination preferring either parent, ‘custody [is] appropriately determined by the trial court according to what [is] in the ‘best interest’ of the children.’ Ex parte Couch, 521 So.2d 987, 989 (Ala.1988). However, where the parents have joint legal custody, but a previous judicial determination grants primary custody to one parent and secondary custody to the other, ‘the trial court [is] correct in applying the McLen-don standard and requiring the [parent] to show that a change in custody would materially promote the welfare and best interests of the child, offsetting the disruptive effect of uprooting the child.’ Blackmon v. Scott, 622 So.2d 393, 394 (Ala.Civ.App.1993).”
Scholl v. Parsons, 655 So.2d 1060, 1062 (Ala. Civ.App.1995). Here, the parties were to share physical custody of the child according to the school year and summer vacation, and neither party was granted primary physical custody of the child. Compare Ex parte Johnson (Re Breedlove v. Breedlove), 673 So.2d 410 (Ala.1994) (“If one parent has previously been granted primary physical custody,” then McLendon applies); Berrey v. Berrey, 622 So.2d 1316 (Ala.Civ.App.l993)(when the father and mother shared joint custody, but the child’s “primary residence” was to be with the mother, McLendon applied); Taylor v. Taylor, 563 So.2d 1049, 1051 (Ala.Civ.App.1990)(when the mother was given “primary physical custody,” McLendon applied); Jenkins v. Jenkins, 541 So.2d 19 (Ala.Civ.App.1989)(when the parties had joint custody but the mother provided the “primary residence” for the children, McLendon applied).
The order in this case is virtually identical to the orders in Reuter v. Neese, 586 So.2d 232 (Ala.Civ.App.1991), and Hovater v. Remoter, 577 So.2d 461 (Ala.Civ.App.1990), two decisions in which this court held that the “best interest” standard was appropriate.
When the trial court applies the wrong standard in a custody modification case, this court has no authority to review the evidence to determine whether, using the right standard, the trial court’s judgment can be upheld. Ex parte Perkins, 646 So.2d 46 (Ala.1994). We must reverse and remand for the trial court to reconsider the evidence, this time in light of the “best interest” standard.
The judgment of the family court is reversed and the cause is remanded.
REVERSED AND REMANDED.
THIGPEN, YATES, and MONROE, JJ., concur in the result.
ROBERTSON, P.J., dissents.

. The rule established in Ex parte McLendon, 455 So.2d 863 (Ala.1984), is that when a noncustodial parent seeks to modify a prior order awarding the other parent custody, the noncustodial parent must show that a change in custody will materially promote the child’s best interests and welfare. The noncustodial parent must also show that the positive good brought about by the change in custody will more than offset the inherently disruptive effect of uprooting the child.