CRAWLEY, Judge.
In 1994, the parties were divorced in Talladega county. By agreement, the parties had joint custody of their minor child, with primary physical custody with the mother. In February 1995, the mother remarried and moved to the Mobile area, taking the minor child with her. The father objected to the move and filed a petition for modification. The trial court granted the father’s petition, transferring to the father primary physical custody of the child. The mother appeals, arguing that the trial court erred in changing custody because, she says, the father did not meet the stringent burden of the McLendon *861 standard. See Ex parte McLendon, 455 So.2d 863 (Ala.1984). After a review of the testimony presented in this case, we agree; therefore, we reverse the order changing custody to the father.
The testimony presented at the hearing concerned the mother’s hasty relocation to Mobile, the problems with visitation, and the mother’s alleged excessive involvement in church activities. Very little of the testimony reached the issue of the well-being of the child. The child was not present and did not testify.
The testimony began by establishing that, after the divorce, the mother became more involved in church activities and that, eventually, she became involved with her present husband, a former pastor at her church in Talladega. The father presented testimony that the mother frequently left the child with the father while she attended church functions in Talladega. At least one witness testified that she felt that the mother spent too much time involved with church activities when she should have been spending time with her child. All of this testimony concerned the behavior of the mother before the move to Mobile.
The father also testified that he was not consulted about the move to Mobile. He testified that he found out only a week before the move, in a conversation with the child. Despite his requests, the mother refused to allow the child to remain with the father to finish the school year in Talladega. The father indicated his concern about the frequent moves and changes in schools and their effect on the child, and he testified that the child cried every time he returned her to Mobile after visitation. He also indicated that a change in custody would allow his child to see her relatives on both his side and the mother’s side, to see her school fiiends, and to reside in the former marital home.
The father also presented evidence concerning the mother and her new husband’s interference with his visitation. The father went to Mobile to exercise visitation with the child in April 1995. He wanted to take the child back to Talladega for the weekend. However, he was prevented from doing so by the mother and her new husband. The mother indicated that she was afraid he might not return the child and refused the father’s request. The new husband and the father exchanged words, and the father left before the episode could worsen. After this episode, the parties’ attorneys worked out a suitable plan for visitation, and the parties began meeting in Greenville to exchange the child on Fridays and Sundays. No further problems with visitation have occurred.
The mother presented evidence to rebut the father’s allegations that the child’s interests and welfare would be materially promoted by a change in custody to the father. She testified that she and her new husband began their relationship in Talladega and that the relationship continued when he moved to Mobile. She further explained that the hasty relocation resulted because she found a job in Mobile on a weekend visit. She testified that, originally, they moved in with her new husband’s parents in Semmes, Alabama; however, they moved into a new residence a few months later. At the time of the original move, the child was removed from school in Talladega and enrolled in a school in Sem-mes, near their temporary home. Although the family relocated to their new residence, the child finished out the school year at the school in Semmes. The following school year, the child was enrolled in another school closer to her new home.
The mother’s testimony and other evidence at trial established that the child was making A’s and B’s in school, that she had been present in school every day since the move, and that she had never been tardy to school. In addition, the mother established that the child attended church regularly and was active in a church youth group. As mentioned earlier, the child was not present in court and did not testify.
The McLendon standard is well settled. A parent seeking a change in custody must establish that the change would materially promote the interests and welfare of the child and that the benefits of the change in custody would “more than offset the inherently disruptive effect caused by uprooting the child.” King v. King, 521 So.2d 69, 70 (Ala.Civ.App.1988) (quoting Wood v. Wood, *862 338 So.2d 826, 828 (Ala.Civ.App.1976)). The father argues that the best interest standard applies in this case. He is incorrect. The McLendon standard applies in eases like this one where, although the parties were vested with joint custody, one parent was given primary physical custody. See Moncrief v. Gilbert, 675 So.2d 895, 896 (Ala.Civ.App.1996).
Our standard of review in cases where the trial court considers ore tenus evidence is limited because of the presumption of correctness given to the trial court’s judgment. Ex parte Murphy, 670 So.2d 51, 52 (Ala.1995). However, when the trial court’s judgment is so unsupported by the evidence so as to be plainly and palpably wrong, this court must reverse. Murphy, 670 So.2d at 52. After reviewing the evidence presented in this ease, we have concluded that the trial court’s judgment is unsupported by the evidence and must be reversed.
The father failed to meet the burden placed on him by McLendon. The evidence presented at the hearing does not indicate how a change of custody would materially promote the welfare of the child. All the father has conclusively established is that the mother has relocated to Mobile. Although a change of residence may be considered when a trial court evaluates a modification petition, Murphy, 670 So.2d at 53, evidence of such a move, without more, is insufficient to meet the burden established by McLendon. Because the father has not proven that a change in custody would materially promote the welfare of his child, the judgment of the trial court granting primary physical custody to the father is reversed.
The mother’s request for attorney fees is denied.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.