CRAWLEY, Judge.
The parties were divorced in 1992. The record does not contain a copy of the divorce judgment. However, the parties agree that the judgment provided that they would have joint legal custody and shared physical custody of their two minor children, with the father named as primary custodian and the mother named as secondary custodian. The parties further agree that the judgment provided that the children would live with each parent for half the year — with the father from January through June and with the mother from July through December.
Five months after the divorce, the parties agreed between themselves to have the children live with the mother and to visit with the father on weekends and in the summer. Both parties remarried. The mother lives in Greenville, and the father lives in Luverne.
The parties continued their agreed-upon custody arrangement until February 1996, when the mother filed a petition to modify the divorce judgment, seeking sole custody of the children. The father answered the mother’s petition and. counterclaimed, also seeking sole custody. After he was served with the mother’s petition, the father assumed physical custody of the children, apparently with the mother’s consent, from February 1996, to the time of the hearing in May 1996.
After a hearing, the trial court entered an order that states, in pertinent part, the following:
“The Court finds that both parents are interested in the children and are good parents. The older child’s problems in school have lessened during the time she was living with the father. The father is more of a disciplinarian and the mother places more restrictions on the imposition of discipline than does the father. The Court finds that it would be in the best interests of the children and that it would promote a more stable lifestyle to provide that the school year be spent with one of the parents and the summer be spent with the other parent, with each [parent] being provided visitation during the other parent’s period of custody. Based on the foregoing, it is ordered, adjudged and decreed. ...
“1. That the joint custody of the children of the two parents be and is hereby ratified and confirmed.
“2. That [the father] is confirmed as the primary custodian of the minor children and the provisions for custody are modified to provide that the [father] shall have custody of the children during the school year ... [and]
“3. That [the mother] will have physical custody of the children for the entire summer....”
The mother appeals, claiming that the trial court applied the wrong standard of review in the modification proceeding. Citing Stanton v. Stanton, 631 So.2d 242 (Ala.Civ.App.), cert. denied sub nom. Ex parte White, 631 So.2d 246 (Ala.1993), .she argues that because she had the actual physical custody of the children for almost four years before she sought a modification, the trial court was required to hold the father to the stringent *193 standard of Ex parte McLendon, 455 So.2d 863 (Ala.1984), before it awarded him the primary physical custody of the children. We disagree.
The holding in Stanton does not apply here. Stanton dealt with the burden of proof in a case where one parent relinquished custody to the other parent “before an initial determination of custody [was] made.” 631 So.2d at 244. In this case, an initial custody determination had already been made, and it favored the father as the primary custodian. When a previous judicial determination favors one parent, in determining the standard to apply to a modification proceeding, “it makes no difference that the parties ... had worked out an informal arrangement to care for the child[ren].” Ex parte Bryowsky, 676 So.2d 1322, 1325 (Ala.1996). Moreover, the holding in Stanton that McLendon applied to the facts of that case was expressly disavowed by our supreme court. See Ex parte White, 631 So.2d at 247.
“If one parent has previously been granted primary physical custody, ... then an existing custody arrangement will be modified only if the modification materially promotes the best interests and welfare of the child. Ex parte McLendon, 455 So.2d 863, 865-66 (Ala.1984). If neither parent has previously been given primary physical custody, then the ‘best interests of the child’ standard applies. Ex parte Couch, 521 So.2d 987, 989 (Ala.1988).”
Ex parte Johnson, 673 So.2d 410, 413 (Ala.1994). See also Berrey v. Berrey, 622 So.2d 1316 (Ala.Civ.App.l993)(when the father and mother shared joint custody, but the child’s “primary residence” was to be with the mother, McLendon applied); Taylor v. Taylor, 563 So.2d 1049, 1051 (Ala.Civ.App.1990)(when the mother was given “primary physical custody,” McLendon applied); Jenkins v. Jenkins, 541 So.2d 19 (Ala.Civ.App.1989)(when the parties had joint custody but the mother provided the “primary residence” for the children, McLendon applied).
Because the divorce judgment named the father as the primary custodian, the mother, in order to have that judgment modified to name her as the sole or primary custodian, was required to prove that a change in custody would materially promote the children’s best interests and welfare. Ex parte McLendon, 455 So.2d at 865-66. She was also required to prove that the positive good brought about by a change in custody would more than offset the inherently disruptive effect of uprooting the children. Id.
The trial court’s order denying the mother’s request for a modification indicates that it applied the “best interest” standard rather than the McLendon standard. Although the trial court erred by applying the wrong standard, that error was harmless. Because the court decided that the mother had not met the more lenient “best interest” standard, it is clear that if the court had measured the mother’s proof against the more stringent McLendon standard, the result would have been the same. When reviewed under the McLendon standard, the evidence adduced at trial supports the court’s conclusion that a change in the children’s primary custodian was not warranted.
It is clear from our precedents that McLendon provides the standard that governs any modification of this divorce judgment so to as change the primary custodian. What is not clear from our precedents, however, is what standard governs a modification of the judgment so as to change the schedule by which the parties exercise their primary and secondary custody. That is, was the father required to meet the “materially promote” standard of McLendon in order to establish that he should have custody of the children for the nine months of the school year instead of for the six months from January through June that is specified in the divorce judgment?
In Reuter v. Neese, 586 So.2d 232, 234 (Ala.Civ.App.1991), the argument was made that McLendon provides the appropriate standard to be used whenever “any change in custodial rights would uproot the child from his present school system.” We rejected that argument in Reuter, for reasons not pertinent here. We need not decide the issue in this case, because we conclude that the trial court’s modification order is due to be upheld under any standard, even the heightened McLendon standard.
The evidence established that when the older child was living with the mother in *194 Greenville, she had problems at school. She was sent to the principal’s office for hurting other children, was removed from the school bus for misbehaving, and was suspended for stealing. She had been inattentive and disruptive in class. The evidence established that her behavior had improved when she changed schools and began to live with the father in Luverne. There was evidence that the student-teacher ratio in the Luverne school was lower than that of the Greenville school the child had previously attended. There was also evidence that the child’s teacher in Luverne had provided more “one-on-one” attention to the child than had the teacher in Greenville. Finally, there was evidence that the father and stepmother were stricter disciplinarians than the mother and had helped the child with her schoolwork every night.
Based on this evidence, the trial court could reasonably conclude that giving the father custody of the children during the nine-month school year would materially promote the children’s best interests and welfare and that the positive good brought about by a change in custody would more than offset the inherently disruptive effect of uprooting the children. McLendon.
The judgment of the circuit court is affirmed. The mother’s request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.