Mark W. Davis, the father of two minor children, petitioned the trial court for a modification of the original child-custody arrangement set out in the judgment divorcing him and Robin O. Davis, the children's mother. That judgment awarded the mother and father joint legal and physical custody of their two children; in his petition the father sought sole custody of both children.
After a hearing, the trial court denied the father's petition, finding that the father had failed to prove a material change in the parties' circumstances so as to merit a change of custody. The father appealed. However, while that appeal was pending, this court gave the father leave to file a petition for Rule 60(b), Ala.R.Civ.P., relief from the judgment denying his request for a change of custody. The father then moved for Rule 60(b) relief and petitioned for temporary custody of the children. Although in his brief to this court the father attached a copy of the trial court's protective-custody order, which awarded him custody of the children, that order does not appear in the record on appeal. It is axiomatic that this court cannot consider anything that is not contained in the record. Royal v. SafetyCoatings, Inc., 655 So.2d 927 (Ala. 1994). Furthermore, in entering the protective order, the trial court was silent on the issue whether the father's request for relief from the judgment was granted.
The father appeals from the judgment denying his request for a custody modification. Because we cannot determine whether his request for Rule 60(b) relief was granted, we will address his appeal on the merits. He argues that instead of applying the less stringent "best-interests-of-the-child" standard, the trial court applied the stricter standard set out in Ex parte McLendon,455 So.2d 863 (Ala. 1984), *Page 515 
in determining whether a change of custody was warranted.
If the parties agree to joint legal custody and shared physical custody of the children, without a judicial determination preferring either parent, then the trial court is to determine custody according to the "best interests" of the child. Ex parteCouch, 521 So.2d 987 (Ala. 1988). The McLendon standard applies only if there already has been a grant of primary physical custody to one of the parties. C.M.L. v. L.S.M., 680 So.2d 375
(Ala.Civ.App. 1996).
Although the divorce judgment that initially established custody is not contained in the record, the parties' testimony indicates that they had joint physical custody of the children. The children spent alternating weeks at each of their parents' homes. Because there has not been a previous determination of custody in which one party was preferred over the other, the "best-interest-of-the-child" standard applies. Therefore, we agree with the father that the trial court erred in denying a change of custody on the ground that the father had failed to show a material change in circumstances.
Because we agree with the father that the judgment is due to be reversed, we pretermit discussion of the other issues raised on appeal. The judgment denying the father's request for a change of custody is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ., concur.