I concur in the result to reverse. Under Alabama law, an alternating award of custody is not ipso facto improper in every circumstance. See, e.g., Hughston v. Ivey,479 So.2d 1277, 1279 (Ala.Civ.App. 1985) (affirming custody judgment placing preschool child with each parent for alternating six-month periods); Emmons v. Emmons, 450 So.2d 148, 148-49
(Ala.Civ.App. 1984) (affirming judgment alternating custody of three-year-old child between parents every six weeks); cf. Darbyv. Sherrer, 689 So.2d 875 (Ala.Civ.App. 1996) (affirming judgment specifying child's "visitation" with each parent for six months each year); see generally Comment Note, "Split,""Divided," or "Alternate" Custody of Children, 92 A.L.R.2d 695 (1963). However, given the distance between the parents' homes and the imminent entry into elementary school of the child, I find persuasive the reasoning this court employed in reversing a similar judgment in Poe v. Capps, 599 So.2d 623 (Ala.Civ.App. 1992):
 "In the instant case, it appears that the somewhat unique alternating annual custody arrangement affords each parent equal time with the child, leaving the parents on an equal footing and avoiding a true custody determination. Apparently, that arrangement was workable and satisfactory with the parents and the child until the child became old enough to enter school. Since that time, and should the arrangement be allowed to continue, the child is required to move and change schools each year as long as the parents reside in different school districts. At the present time, the parents reside in different counties. It is not inconceivable that the parents may some day reside in different states or countries; that would require an even greater change for the child each year. The father's petition to modify that unique custody arrangement appears to be a step towards providing academic stability for the child by having the issue of custody finally adjudicated."
599 So.2d at 624-25.