THOMPSON, Presiding Judge.
 

 Barbara Cantrell appeals from an order of the Marion Circuit Court in which that court purported to amend a previous order it had entered. Because the record does not provide a basis on which this court can provide the relief that Cantrell seeks by way of this appeal, we affirm the circuit court’s judgment.
 

 The record on appeal reflects that Cantrell filed an action in the Marion District Court against Danny Weghorst and that, at some point during the proceedings in that court, Tyson Holland intervened in the action. The record does not contain a copy of Cantrell’s complaint, Weghorst’s answer, or Holland’s pleading in intervention. Indeed, the record contains only a single document from the district court: the district court’s order transferring the action to the Marion Circuit Court. In that order, which was entered in November 2007, the district court wrote, in part:
 

 “This matter came before this Court for trial on November 1, 2007, with all parties present with their respective counsel. The Plaintiff has filed an unlawful detainer complaint requesting possession of [certain real property located in Hamilton, Alabama]. The Court having been presented evidence that this case involves a dispute involving a potential lease sales contract and disputes over contingent interests in real estate, finds that the relief sought is not within this court’s jurisdiction.”
 

 The record reflects that on November 10, 2008, the circuit court entered an order requiring Cantrell to convey to Hoi-
 
 *53
 
 land certain real property described in the order upon Holland’s payment of $5,800 to the Marion circuit clerk. The described property was conveyed to Holland by a clerk’s deed that was entered into the record on the same day as the order. On January 14, 2009, the circuit court entered an amended order in which it ordered that title to a mobile home that was located on the property and in which Cantrell apparently held an interest be conveyed to Holland. Cantrell appeals from the January 14, 2009, order.
 
 [1]
 

 Cantrell contends that the circuit court’s order of November 10, 2008, resolved the issues in the action and that the trial court maintained jurisdiction over the action for only 30 days following the entry of that order. She argues that the circuit court no longer had jurisdiction of the action on January 14, 2009, when it entered its order purporting to amend the November 10, 2008, order. Thus, she argues, the circuit court’s January 14, 2009, order is void for lack of jurisdiction.
 

 Because the record does not contain the pleadings, this court has little knowledge of what issues were before the circuit court. For example, there may have been counts of the complaint, as well as counterclaims, that remained to be resolved by the circuit court following the entry of its November 10, 2008, order. Simply put, the record provides no basis for a determination by this court as to whether the November 10, 2008, order constituted a final judgment or whether the circuit court maintained jurisdiction over the action at the time of the entry of the January 14, 2009, order.
 

 Our supreme court has clearly stated that “[t]he party seeking to place the trial court in error must establish in the record an adequate predicate for our review.”
 
 Zaden v. Elkus,
 
 881 So.2d 993, 1008 (Ala.2003). Moreover, “[t]he law is settled that it is the appellant’s duty to ensure that the appellate court has a record from which it can conduct a review.”
 
 Id.
 
 at 1009.
 

 Cantrell has failed to establish in the record a basis on which this court could conclude that the circuit court lacked jurisdiction when it entered the January 14, 2009, order. As a result, this court is constrained to affirm the circuit court’s judgment.
 

 AFFIRMED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . In her appellate brief Cantrell provides slightly more factual and procedural background for this action. However, except for what is set forth above, none of Cantrell’s factual statements are supported by the meager record before this court. "It is axiomatic that this court cannot consider anything that is not contained in the record.”
 
 Davis v. Davis,
 
 753 So.2d 513, 514 (Ala.Civ.App.1999).