The parties were divorced in July 1986. Incorporated into the divorce decree was an agreement giving the parties joint legal custody and the mother primary physical custody of the parties' only child, a daughter, then five years old. Approximately one and one-half years later, in January 1988, the father filed a petition seeking primary physical custody of the child. In this petition, he alleged that the mother's relationship with a convicted child molester, Walter Skinner, placed the child in imminent danger. After an ore tenus proceeding, the trial court transferred primary physical custody of the child from the mother to the father. This transfer was adjudged to be in the child's best interest due to a material change in the parties' circumstances since the original decree. The mother appeals, contending that the father failed to prove that the benefits resulting from the change in custody would more than offset the disruptive effect of the transfer.
We note that custody modification is a matter which falls largely within the broad discretionary power of the trial court, limited, of course, by applicable law. Consequently, absent a clear abuse of discretion, we will not interfere with the trial court's decision regarding these matters. Murphy v.Murphy, 479 So.2d 1261 (Ala.Civ.App. 1985).
The trial court specifically found "that there [had] been a material change in circumstances . . . and a change in the physical placement of the child . . . would [therefore] be in the child's best interest." The father contends that the trial court properly applied the "best interest" standard adopted inEx parte Couch, 521 So.2d 987 (Ala. 1988). We find, however, that Couch is not applicable because its facts can be readily distinguished in one significant way from the facts in the present case.
In Couch, the trial court initially granted the parties joint legal custody and shared physical custody of the children. Subsequently, when the father sought primary physical custody, our supreme court held that the "best interest" standard applied because shared physical custody signifies that no primary physical custody determination has yet been made. It is true here, as in Couch, that joint legal custody was ordered, but that terminates the similarity between the cases because here the primary physical custody was placed with the mother by the divorce judgment. The father was allowed visitation privileges. Therefore, under the facts of this case, Ex parteMcLendon, 455 So.2d 863 (Ala. 1984), is the controlling authority.
The "best interest" standard utilized by the trial court falls short of the more stringent standard mandated byMcLendon. However, it appears from the record that, even though the trial court's decree speaks of "best interest," the evidence is sufficient to satisfy the higher burden required byMcLendon and to accomplish the transfer of physical custody from the mother to the father. The trial court achieved the correct result, albeit for the wrong reason, and this in itself will not *Page 702 
work a reversal. Wagnon v. Boggs, 460 So.2d 183
(Ala.Civ.App. 1984).
A party seeking custody modification under McLendon must prove at the outset that a material change in circumstances has occurred since the last decree. He must then prove not only that he would be a fit parent, but that a change in custody would promote the child's best interest. The benefits of the proposed change must clearly outweigh the disruptive effect caused by such a transfer. Finkenbinder v. Burton,477 So.2d 459 (Ala.Civ.App. 1985).
It is clear from the record that a material change in the mother's circumstances occurred after the divorce. There was evidence that the mother was involved with Walter Skinner, a fellow employee, at the time of the divorce. Approximately six months after the divorce, in January 1987, the mother and Skinner jointly purchased the house in which she now resides. According to the mother, she and Skinner were contemplating marriage at this time. A month after the purchase, in February 1987, Skinner was charged with molesting an eleven-year-old girl in Georgia. After pleading guilty to this offense, he was convicted of child molestation and was sentenced to five years' imprisonment. This sentence was subsequently suspended to one year's imprisonment and four years' probation. Skinner actually spent only four months in jail, from April 1987 through August 1987. During this period, the mother kept his personal items at their jointly owned house, visited him weekly when possible, and paid his bills from her account. She paid $1,000 of his attorney fees. Since his release, the mother and Skinner have attended counseling sessions at the Calhoun-Cleburne Medical Center.
Mr. Waugh, a counselor at this center, treated Skinner for the psychiatric disorder known as exhibitionism. He initially advised the mother to take every precaution to protect the child from Skinner. In particular, he advised the mother not to leave the child with Skinner unsupervised. The mother testified that she rigorously complied with Mr. Waugh's advice and, as of the custody hearing, had not left the child alone with Skinner for even ten seconds.
Mr. Waugh testified that Skinner's considerable build-up of hostility and anger dissipated to some extent over the course of the treatment. Consequently, he felt that the child's emotional and physical well-being were in no way jeopardized by Skinner's presence. He could not guarantee, however, that Skinner would not commit a similar offense in the future, either to the mother's child or to any other child.
We also note that the trial court, in making a factual determination, may take into account the probable biases and credibility of the witnesses before him. Ex parte Potete,409 So.2d 429 (Ala. 1981). At the hearing, both the mother and Skinner admitted that they had "incorrectly" answered questions during their depositions regarding the nature of their relationship. In addition, conflicting evidence was presented as to the actual circumstances surrounding Skinner's conveyance of his interest in their jointly owned house to the mother. The mother testified that the transfer of ownership had nothing to do with the upcoming trial. Skinner, on the other hand, testified that he conveyed his interest in the house to the mother solely for the purpose of trial. It is the trial court's duty to resolve this conflict in evidence and render a judgment accordingly. Beene v. Hester, 471 So.2d 422
(Ala.Civ.App. 1985).
We cannot say, after examining the record, that the father failed to satisfy his burden of proof under McLendon. The father appears to be a fit and proper person to have physical custody of the child. Although the mother appears to be a fit and proper person to have custody of the child, she apparently plans to continue her relationship with Skinner, despite her misgivings about the child's safety. In light of the evidence, we find that the benefits of the proposed change clearly outweigh the inherently disruptive effect caused by the change in physical custody.
We would note that the modification only affects the child's physical custody. Both parties still share joint legal custody. In *Page 703 
view of the foregoing, this case is due to be affirmed.
AFFIRMED.
HOLMES, P.J., and ROBERTSON, J., concur.