ROBERTSON, Judge.
Wanda Lee Morrison (mother) and David James Morrison (father) were divorced on October 3, 1986. The parties had three minor children as a result of the marriage: Wade, then age eleven, Brett, then age ten, *1065 and Adrienne, then age five. The divorce decree incorporated a written agreement between the parties providing for joint shared custody of the children, and giving primary physical control and residence of the three children to the mother. In March 1987, the father petitioned the court to modify the decree, requesting that the court award him permanent custody of the children. Prior to this time the sons had been living with him per oral agreement between the father and the mother. By agreement of the parties, the court modified the decree, awarding physical custody of the two sons to the father. The mother retained physical custody of the daughter. During the period following this modification, the father and mother continued to reside in the Birmingham area, adhering to the visitation rights agreed to between the parties.
Both parties subsequently remarried. The father's new wife has two minor sons from a previous marriage. They reside in Birmingham. The mother’s new husband is several years younger than she, and has one minor son from a previous marriage. The new husband is in the Air Force and is stationed in Charleston, South Carolina. The mother and daughter subsequently moved with the new husband to South Carolina in June 1988.
The father petitioned the court to award him custody of the daughter, generally averring that “the change in circumstances of the mother is so substantial that an immediate transfer to the father of custody of the daughter is necessary in order to promote her best interests.” The mother filed a response to the motion for temporary custody and filed a counterclaim requesting custody of the three children. The father petitioned the court for a rule nisi and for a writ of habeas corpus against the mother.
After several continuances, an ore tenus proceeding was held on January 3, 1989. Pursuant to this proceeding the court terminated joint shared custody and awarded legal and physical custody of the three children to the father. The mother appeals.
The mother presents a single dispositive issue on appeal, and that is' whether the trial court erred in transferring the custody of the children to the father. However, to effectively address the mother’s contention, we find it necessary to bifurcate her issue; therefore, presenting two issues for review: (1) Did the trial court err in not transferring custody of the two minor sons to the mother? (2) Did the trial court err in transferring custody of the daughter to the father?
The mother, on appeal, contends that Ex parte Couch, 521 So.2d 987 (Ala.1988), controls. We find, however, that Couch is not applicable because the facts differ in one decisive way from the facts in the case at bar. In Couch, the trial court initially granted the parties joint legal custody and joint shared physical custody of the children. Such was not the case here. The facts in this case are more analogous to Beam v. Beam, 543 So.2d 700 (Ala.Civ.App.1989), in that primary physical custody was never awarded jointly to the parties. Rather, as noted above, the mother was awarded physical custody of the daughter, and the father was awarded physical custody of the sons. Therefore, as in Beam, supra, the applicable standard to be applied is expressed in Ex parte McLendon, 455 So.2d 863 (Ala.1984). The party seeking a change in custody must meet a heavy burden by proving that a material change in circumstances has occurred since the last decree and that a change in custody would materially promote the best interests of the child. McLendon, supra.
We now address the first issue regarding the petition to transfer custody of the two minor sons to the mother. As stated above, the mother must meet the criteria of McLendon to obtain custody of the sons. After reviewing the evidence, we find that she did not meet these criteria. The record reveals that the mother was irresponsible during scheduled visitations with the children; the children found her extremely intoxicated on one occasion; that she is married to an enlisted member of the military, who is subject to move at any *1066 time, inside or outside of the country; that the mother, in fact, pointed a shotgun at the father when he and the sons arrived to pick up the daughter for visitation; that the mother knowingly violated the divorce decree when she kept one son beyond the scheduled length of visitation in South Carolina; and that the sons are not all that familiar with their mother’s new husband. In view of the totality of the evidence, and the ore tenus presumption, we find that the trial court did not err in not transferring custody of the two sons to the mother.
As to the second issued the custody of the minor daughter, the father must also meet the McLendon standard in demonstrating that custody of the daughter should be transferred to him. The record reveals that the father’s relationship with his daughter is sound and loving. The daughter, his new wife, the sons, and the stepsons get along very well, somewhat “like the Brady bunch.” The home environment is stable. Her brothers, both sets of grandparents, friends, and a familiar, nurturing environment are available to the daughter with her father.
As noted previously, the mother has demonstrated irrational and reprehensible behavior. On one occasion, the children found their mother extremely intoxicated, almost, they feared, to the point of death, and on another occasion, the mother left the children, upon their arrival for scheduled visitation, to go on a trip. This conduct, coupled with the mother’s refusal to cooperate with the trial court’s orders, cannot be ignored. Furthermore, the fact remains that the daughter has been uprooted once, and is subject to numerous moves pending the possibility of transfer of the mother’s current husband.
We note that the trial court has been involved in this particular case since 1986; took testimony for three days; and upon presentation of ore tenus testimony, was, as stated in its order, “influenced by the credibility, or lack thereof, of the witnesses, specifically including the parties and the [father’s] current wife”, and noted that the mother’s current husband did not appear nor testify. The court also considered the court appointed guardian ad litem’s position in the case, which was that custody of the daughter should be awarded to the father. We find, after reviewing all of the evidence, that the trial court did not err in transferring custody of the minor daughter.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.