Michael Clinton Elmore and Mavis Lyles Hays were divorced in 1986. Elmore and Hays were granted joint custody of their two children, with Hays having physical custody of the children subject to Elmore's right of reasonable visitation. Both Hays and Elmore petitioned the trial court for a change in the custody arrangement. The trial court changed the visitation provision, allowing each parent alternating two-week periods with the children. However, both parents retained joint custody of the children.
The Court of Civil Appeals reversed the modified visitation order. 585 So.2d 40. Specifically, the Court of Civil Appeals held that, because Hays was awarded physical custody of the children in the original divorce decree, she was the custodial parent. See Beam v. Beam, 543 So.2d 700 (Ala.Civ.App. 1989). Therefore, it held, any modification of the custody arrangement must meet the stringent standard set out in Ex parte McLendon,455 So.2d 863 (Ala. 1984). The Court of Civil Appeals held that Elmore had failed to meet the standard in McLendon and, therefore, remanded the case to the trial court for it to enter an order specifying Elmore's visitation periods. Elmore then filed for a rehearing, which was denied.
This Court granted certiorari review and subsequently quashed the writ as improvidently granted. See Hays v. Elmore,585 So.2d 40 (Ala. 1991). However, the trial judge, William Jetton, entered a new order to comply with the Court of Civil Appeals' opinion while the review in this Court was pending. While a case is pending in an appellate court, the trial court may proceed in matters entirely collateral to that part of the case that has been appealed, but can do nothing in respect to any matter involved on appeal that may be adjudged by the appellate court. Foster v. Greer Sons, Inc., 446 So.2d 605 (Ala. 1984).
Elmore asks this Court to set aside the trial court's new order. We must grant the writ of mandamus, because the trial court was without jurisdiction to enter that order while the case was pending in this Court. Nevertheless, this Court has now quashed the writ of certiorari, and the trial court may now enter an order complying with the Court of Civil Appeals' judgment.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON and STEAGALL, JJ., concur.