This is a child custody case.
Philip V. Durham (father) and Felicia L. Durham Sisk (mother) were divorced in April 1991. Pursuant to a separation agreement, incorporated into the divorce judgment, the parties entered into a joint custody arrangement regarding their two minor children. In November 1991, the mother filed a "petition to modify" custody, alleging a material and substantial change in circumstances and requesting primary custody of the minor children. The father answered and counterclaimed, also requesting primary custody of the minor children.
In October 1992, after ore tenus proceedings, the trial court granted the mother's petition, awarding her primary custody of the minor children subject to the father's visitation, and ordering the father to pay $551 per month in child support. The father appeals.
The father contends that the mother failed to prove that a material change in circumstances had occurred to sufficiently justify modification of the joint custody arrangement.
At the outset, we note that in a child custody case, when evidence is presented ore tenus, the judgment of the trial court is presumed correct, and that judgment will not be reversed absent a showing of plain and palpable abuse of discretion. Reuter v. Neese, 586 So.2d 232 (Ala.Civ.App. 1991). Additionally, in initial custody determinations, the father and the mother stand on equal footing, with no favorable presumption inuring to either. Hall v. Hall, 571 So.2d 1176
(Ala.Civ.App. 1990). *Page 875 
The legal analysis regarding child custody was set out by our Supreme Court in Ex parte Couch, 521 So.2d 987 (Ala. 1988). There, the Supreme Court clearly defined two standards of review for this court to apply when reviewing custody determinations, i.e., that when custody has not been previously determined, the best interest standard applies, or that if there is a previous judgment granting custody to one parent, custody will be changed only if it materially promotes the child's welfare. See Ex parte McLendon, 455 So.2d 863 (Ala. 1984).
In the case sub judice, the mother's petition for custody was the only instance wherein a court was requested to make a determination of custody between these parents. Accordingly, there is no prior judgment of custody to modify, and the standard espoused by our Supreme Court in McLendon, supra, does not apply. Poe v. Capps, 599 So.2d 623 (Ala.Civ.App. 1992).
Because there was no prior custody adjudication in this case, the best interests standard of Couch, supra, applies. Accordingly, the trial court was free to consider all evidence, including evidence relating to matters preceding the divorce judgment. Woodham v. Woodham, 539 So.2d 293 (Ala.Civ.App. 1988).
Our thorough review of the record indicates the complexities of the joint custody portion of the divorce judgment. That complexity was one of the mother's concerns presented by her petition, wherein she claimed that certain provisions were unworkable and caused "constant strife and disagreement between the parties." Testimony of the parties, however, revealed that many of the conflicts relating to the judgment were being resolved.
The trial court was presented with testimony, including the behavioral problems of the older child, the father's ongoing relationship with a female companion, and the mother's relationship with her current husband, that existed at the time the parties executed the separation agreement. Additionally, each parent agreed via their respective testimony that the other parent was fit to have custody of the children. Although we cannot determine the weight that the trial court attributed to any testimony, examination of that testimony may assist in explaining why the trial court determined that the best interests of the minor children would be best served by placing their primary custody with the mother.
Based upon our standard of review and our conscientious review of the record, we cannot say that the trial court erred by modifying the parties' joint custody arrangement.
While the timing of the mother's petition was not questioned on appeal, we feel compelled to comment. The record reveals that only seven months elapsed between the entry of the divorce judgment and the mother's filing of her petition. Based upon our standard of review, while this court may not have reached the same conclusion, we cannot say that the trial court erred in its award of custody to the mother.
The law is clear that custody determinations are never res judicata. Turquitt v. Turquitt, 506 So.2d 1014 (Ala.Civ.App. 1987). Although frequent disruptions in the custodial arrangements of children are disfavored, Wood v. Wood,333 So.2d 826 (Ala.Civ.App. 1976), we find nothing prohibiting parents from attempting to legally correct an unworkable custody situation as quickly as they determine that it is unworkable. On the contrary, the law encourages parents to take whatever legal measures are necessary for the safety and well-being of their children, without rigid time restrictions.
The consequences of delaying the opportunity for correction of child custody problems could include preventable damage to a child's well-being, physically, emotionally, or otherwise. As such, we determine that it would be a grave injustice to allow the consideration of custody petitions only after the passage of a time certain. This holding should not be construed as overruling or modifying our previously announced holding in Wood. Based upon the facts of this case, had the trial court determined that the mother's petition was premature, we would likewise affirm on the basis of Wood. The trial court heard the evidence and had the opportunity *Page 876 
to observe the witnesses and adjudge their credibility and the weight of evidence.
 "The polestar in custody matters now is truly the best interest of the child. The one first charged with following that star is the trial judge. He or she is the one closest to the scene and the protector of the children until they become adults. That responsibility is awesome and must weigh heavily upon the bearer. It is in recognition of that burden, that our appellate courts presume that the trial judge, who observed the parties and heard the testimony of the witnesses, correctly discharged his responsibility."
Smith v. Smith, 448 So.2d 381, 383 (Ala.Civ.App. 1984).
Based upon the foregoing, we find that the wife presented sufficient evidence to justify a petition for custody. While the parties may have originally believed that the joint custody arrangement would be in the best interests of the children, upon proper petition, the trial court determined otherwise. We agree. Accordingly, the trial court's final judgment in this case is due to be, and it is hereby, affirmed. The mother's request for an attorney fee is denied.
AFFIRMED.
ROBERTSON, P.J., concurs.
YATES, J., dissents.