THIGPEN, Judge,
concurring specially.
Although I concur with the result reached by the majority, I am compelled to point out a distinction in this case. The record does not contain a copy of the divorce judgment nor the agreement regarding custody which was apparently incorporated into the divorce judgment. The father alleges in his petition to modify custody that the divorce judgment ordered the parents to have joint custody with the mother “to be vested with the right to primary custody of said minor child subject to the [father]’s visitation and custodial rights.” The mother’s answer to the father’s petition admitted that allegation as true. Additionally, in changing custody to the father, the trial court’s order references adjustments required of the child “if the primary physical custody is left with the mother.” If those statements are accepted as true, the best interests standard would not apply in this situation. A joint custody, determination which favors one parent, such as when one parent is granted primary physical custody, requires the subsequent custody petitioner to meet the more stringent standard set out in McLendon, supra. See Ares v. Martinez, 589 So.2d 750 (Ala.Civ.App. 1991); Beam v. Beam, 543 So.2d 700 (Ala. Civ.App.1989); and Jenkins v. Jenkins, 541 So.2d 19 (Ala.Civ.App.1989).
Conversely, testimony from both parties and other statements in the aforementioned order indicate that the parties shared equally in the physical custody of the child. As such, the record could support a determination that the prior adjudication was in fact a joint custodial judgment subject to the principles announced in Couch, supra. The concept of joint custody in Alabama appears to be evolving on a case-by-case basis lacking exactness in definition and uniformity from county to county. Inasmuch as no judgment was of record reflecting a preference for either parent, the trial court, at the time of the hearing, was free to resolve any conflicting evidence regarding the prior custodial arrangement and base its determination accordingly. In view of the absence of the judgment in the record, I agree with the majority that it was not an abuse of discretion for the trial court to utilize the best interests standard in awarding custody to the father, based on its finding that the parties shared joint custody. I further agree that it was error for the trial court to arbitrarily reverse its prior order on the mother’s motion to reconsider.