THIGPEN, Judge.
This post-divorce action concerns the issues of custody, child support, and visitation.
When the parties divorced in January 1989, an agreement was incorporated into the divorce judgment which, inter alia, provided that the mother would have custody of the parties’ two children, and that the father would pay child support. Pursuant to that judgment, the father’s support obligation began at $55 per week during 1989, increased to $75 per week during 1990, and increased to $400 per month in 1991. Pursuant to the father’s petition to modify, in November 1991, the trial court reduced the father’s child support obligation to $218 per month while his income was reduced, and it provided that when he returned to his regular employment, his support obligation would revert to the original agreement of $400 per month.
In November 1993, the father filed a petition to modify, seeking joint custody of the children and expanded visitation. The mother answered and counterclaimed, seeking an increase in child support in accordance with the guidelines of Rule 32, Ala.R.Jud.Admin., alleging a material change in circumstances. Following ore tenus proceedings, the trial court entered an order awarding joint legal custody to both parents, with the responsibility for primary care remaining with the mother, expanding the father’s visitation, and denying the mother’s request to increase the amount of child support. The mother appeals.
On appeal, the mother raises several issues dispositively stated as follows: (1) whether the trial court abused its discretion in denying an increase in child support in accordance with Rule 32, Ala.R.Jud.Admin.; (2) whether the trial court abused its discretion in modi *635 fying custody; and (3) whether the trial court abused its discretion in altering the visitation schedule.
The mother’s counterclaim seeking an increase in child support was filed after the effective date (October 4, 1993) of the recent changes to Rule 32, Ala.R.Jud.Admin., and is, therefore, governed by those changes. In part, those changes have altered the requirement regarding proof of changed circumstances to modify by establishing the existence of a rebuttable presumption that a child support order should be modified “when the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent.” Rule 32(A)(3)(b), Ala.R.Jud.Admin. That provision continues by specifying an exception when the prior award was established outside the guidelines, as in the case sub judice.
This initial award of child support resulted from the parties’ agreement and was entered prior to the mandatory application of the child support guidelines. The trial court, in November 1991, ordered a temporary suspension of that agreed amount while the father’s income was reduced. Temporary suspensions of support obligations are permitted in necessitous circumstances. See Johnson v. Johnson, 597 So.2d 699 (Ala.Civ. App.1991); Stewart v. Kelley, 587 So.2d 384 (Ala.Civ.App.1991); and Thomas v. Thomas, 281 Ala. 397, 203 So.2d 118 (1967). In the 1991 order, the trial court expressly ordered that when the father returned to his regular employment, the child support obligation “shall again revert” to the agreed amount. Thus, the agreed amount was not altered by the 1991 suspension; therefore, in view of the fact that the original support order was outside the guidelines, subsequent modification required proof of changed circumstances. Rule 32(A)(3)(b), Ala.R.Jud.Admin.; Cherry v. Clark, 595 So.2d 909 (Ala.Civ.App. 1992). The trial court expressly found that “[t]here has been no material change in circumstances sufficient to warrant a modification of the ex-husband’s present child support obligation” and our review of the record, including the transcript of the ore tenus proceedings, reveals ample evidence supporting that finding. After the mother failed to prove her case, the trial court properly denied her request for modification.
Next, the mother argues that the trial court erred in modifying the prior custody order. The law is clear that to change the prior order granting custody to the mother, the petitioning father was required to meet the burden established by our Supreme Court in Ex parte McLendon, 455 So.2d 863 (Ala.1984). Although the trial court awarded joint custody, it stated that the “responsibility for primary care shall remain with [the mother] except during periods of expanded visitation.” In reviewing cases involving the nebulous term “joint custody,” this court has determined that a custody order favoring one parent does not place the parents on equal footing in a subsequent custody review. See Poe v. Capps, 599 So.2d 623 (Ala.Civ.App. 1992), and Jenkins v. Jenkins, 541 So.2d 19 (Ala.Civ.App.1989). Although the trial court may have used the term “joint custody,” possibly “to assuage the egos of the parties,” the legal status of the parties regarding custody was unchanged by this order. Hovater v. Hovater, 577 So.2d 461, 466 (Ala.Civ.App. 1990). See also Hays v. Elmore, 585 So.2d 40 (Ala.Civ.App.1990), and Beam v. Beam, 543 So.2d 700 (Ala.Civ.App.1989). The expansion of the father’s visitation does not alter his custodial status, and the order clearly specifies that the mother remains the primary custodian. Therefore, in spite of the trial court’s use of the term “joint custody,” the legal effect of the trial court’s order was to deny the father’s petition for custody, and that denial was without error.
Last, the mother argues that the trial court abused its discretion by expanding the father’s visitation. A trial court’s wide discretion in determining visitation is guided by the best interest of the child, and its determination of this matter will not be disturbed absent a showing of a clear abuse of discretion. Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App.1986). Since the divorce, the children have entered school and have summer vacation time that apparently was not considered in the original visitation order. Ore tenus evidence supports expanding the time the father and children share together *636 and permitting more time for involvement and interaction, thereby enhancing the children’s best interests. The mother has failed to disclose any abuse of discretion in the matter of visitation.
Based upon the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
The mother’s request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.
YATES, J., concurs in part and dissents in part.