THIGPEN, Judge.
This is a child custody modification case.
Susan Ezell Sherrer Darby (mother) and William Gordon Sherrer (father) were divorced on May 4, 1994. The divorce judgment adopted the parties’ agreement regarding, inter alia, custody of their seven-year-old daughter, child support, and visitation. In pertinent part, the agreement stated the following:
“1. Custody: The parties agree that both parties are fit persons to have the care, custody and control of [the minor child], and accordingly the parties shall have shared parental responsibility for their minor child and each shall fully participate with the other and the child in all important matters pertaining to the child’s health, welfare, education and upbringing with a view toward arriving at a harmonious policy calculated to promote the child’s best interest and not with a view toward the personal desires of the parties. It is understood that each shall fully participate in all major matters and decisions involving their child.
“Actual physical custody of [the child] shall be vested in Wife, subject to extremely broad and liberal visitation privileges in favor of the Husband. That is to say, Husband and Wife agree and covenant that Husband shall have no less than ‘equal time’ with [the minor child]. No visitation schedule will be expressed in writing; it being the intent and desire of the parties to work together on a daily basis, or as often as necessary, in deciding which party will assume the various responsibilities in [the minor child’s] upbringing. All holiday periods and school vacations will equally be shared with [the minor child]....
“As long as it is in the best interest of [the minor child], there will be no restrictions as to what either parent does with [the minor child] when she is in his or her care....
[[Image here]]
“The parties covenant and agree that in the event that they cannot, after reason- ' able efforts between them, agree on what constitutes equally shared parental responsibility for [the minor child], they will seek assistance of the court in that regard; provided, however, that-it is strictly understood that the court will use as its basis in any decision in that regard their agreement that Husband shall have ‘equal time’ with [the minor child] with it formulating a policy or visitation schedule reflecting full, broad, and liberal visitation by Husband with [the minor child].”
(Emphasis added.)
The parties agreed that each parent would be entitled to spend half of each year with the child. The trial court’s divorce judgment formally incorporated that agreement. Although in the judgment, the trial court did not condone or prohibit any specific manner of fulfilling the “equal time” provision of the parties’ agreement, it stated that any future court-ordered visitation schedule would be fashioned to reflect that provision. Following the divorce, the parties attempted to implement a suitable visitation schedule. Although the mother created a scheduling system which allowed the father to spend intermittent periods of time with the child, the father alleged that the schedules were unsatisfactory and that the mother’s behavior regarding his involvement with the child was contrary to the terms and spirit of the divorce judgment. When the parties could not resolve the dispute amicably, the father, pursuant to the terms of the judgment, sought assistance from the court. In March 1995, the father filed a petition to modify, alleging a change in circumstances and requesting “actual and primary custody” of the child. The mother answered and counterclaimed, seeking to reduce the father’s visitation privileges. Following ore tenus proceedings, the *877 trial court entered an order in October 1995 that states, in pertinent part:
“Since the divorce, the child has been basically with each parent for two days at the time. The evidence is undisputed that, after a certain time, the switching of the child back and forth between her parents, every two days, has become disruptive for her. As a result, the parties sought and obtained psychological counseling for themselves, as well as for the child.
[[Image here]]
“In the opinion of the court, the issue in this case boils down to one of visitation by the father. Based on the agreement of the parties, and the evidence before the court, it is the court’s conclusion that the father should have ‘equal time’ with the child. According to that agreement, and the evidence, each party is fit to have the care, custody and control of the child. According to the testimony of Dr. Robert De-Francisco, clinical psychologist, it certainly cannot be concluded that the father should have anything less than equal time with the child. Based on his testimony alone, it would be reasonable to conclude that the father should be the primary custodial parent. It would also be reasonable to conclude, from his testimony, that joint custody would be feasible in this case. However, based on the parties’ agreement, and all the evidence before the court, modification of custody could be determined to violate the principles set forth in [Ex parte] McLendon, [455 So.2d 86B (Ala. 1984) ]. That is perhaps a close question. Notwithstanding, the court is not reasonably satisfied from the evidence that the father has met the stringent burden of proof required of him, in that the evidence is insufficient to show a change of circumstances which disclose an obvious and overwhelming necessity for change of custody. ... The mother shall remain the primary custodial parent.
“It is further ORDERED AND ADJUDGED that the father shall have the following visitation with the child: The second semester of each school year, the latter half of each summer, Christmas Holidays in each year from the time school is in recess and until 2:00 P.M. on Christmas Day in even numbered years and until 7:00 P.M. on Christmas Eve in odd numbered years, Thanksgiving Holidays and Easter Sunday in odd numbered years, the child’s birthday in even numbered years, and the father’s birthday in every year.
[[Image here]]
“The child shall be with her mother during the public school’s spring holidays each year, as well as on the mother’s birthday. During the first school semester and the [first] half of summer in each year, the father shall have the child for visitation every other weekend. The child shall be with her mother every other weekend during the second school semester and the latter half of summer in each year.”
The father filed a post-judgment motion and a motion requesting that the trial court equitably apportion between the parties the cost of the psychological examination. The trial court granted the motion to apportion the costs, but denied the motion to amend the judgment. The mother appeals.
The mother raises two issues in this appeal: 1) whether the trial court erred by modifying the divorce judgment to award the father visitation for approximately six months of the year; and 2) whether the trial court erred by entering an order requiring the mother to pay a portion of the costs of the court-appointed expert, a clinical psychologist.
The mother first contends that the trial court erred by modifying the divorce judgment to award the father visitation for approximately six months of the year. She specifically argues that this “visitation” modification is in reality a change of custody to the father.
In its order, the trial court specifically held that the father had failed to meet the McLendon standard to change custody, and therefore, the trial court denied his petition to change custody. The trial court then fashioned a visitation schedule comporting with the goal of the parties as expressed in their agreement that was incorporated into the divorce judgment.
*878 The divorce judgment awarded joint custody to the parties and vested “actual physical custody” in the mother. The law is clear that any subsequent modification of that judgment at the father’s request required that he meet the heavy burden set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984). See Fox v. Fox, 659 So.2d 633 (Ala.Civ.App. 1995). In denying the father’s petition to modify custody, the trial court concluded that the father had failed to meet his burden of proof, that “modification of custody could be determined to violate the principles set forth in McLendon ”, and “that the mother shall remain the primary custodial parent.”
The mother relies on Hays v. Elmore, 585 So.2d 40 (Ala.Civ.App.1990), for the proposition that this change in visitation is actually an impermissible change in custody. The mother’s reliance on Hays is misplaced because she overlooks distinct factual differences. When the custody modification petitions were filed in both cases, custody judgments favoring the mothers existed. Additionally, both cases involved visitation problems. There, however, the factual similarity ends.
In Hays, the trial court expressly changed the original custody arrangement to joint custody, specifying that “‘physical custody ... shall be shared.’ ” Hays, 585 So.2d at 42. That custody change was reversed by this court for two very important reasons. First, the law is clear that “visitation disputes alone are not enough to warrant a change in custody,” and, second, the father failed to meet “the stringent standard set out in McLendon.” Hays, 585 So.2d at 43. In the instant case, the father’s custody petition was properly denied. Simply stated, as to the custody judgment, nothing changed.
The father’s petition and the mother’s counterclaim sought the assistance of the court regarding visitation. The trial court received extensive ore tenus evidence in numerous hearings before making its factual findings and reaching its conclusion. The trial court expressed its mindfulness of the original judgment, which was based upon an agreement emphasizing that the father would have “equal time” with the child. The original visitation was unspecific; however, the parties’ agreement was that the father would have “extremely broad and liberal visitation privileges ... no less than ‘equal time’ with [the child].”
Visitation is a matter within the discretion of the trial court. See E.W. v. Montgomery County Dep’t of Human Resources, 602 So.2d 428 (Ala.Civ.App.1992); see also Jackson v. Jackson, 520 So.2d 530 (Ala.Civ. App.1988). This case demonstrates one type of problem divorcing parents create when they agree to unspecified terms regarding the care of their children following a divorce.
These parents had the foresight to incorporate into their agreement what course to take if they could not agree on certain matters regarding their child’s upbringing; i.e., they would “seek the assistance of the court.” That is exactly what happened when they could not informally agree on visitation arrangements. They sought the court’s assistance regarding specific terms that conformed to their intentions and agreement that the child have “equal time” with her father. Our review of the record reveals that the trial court’s order closely tracks the evidence regarding the parties’ intentions and agreement. The provisions of the judgment regarding visitation were not modified; i.e., the trial court merely defined specific terms of visitation when the parties were unable to agree and sought the trial court’s assistance. In its order, the trial court simply set out a less disruptive visitation schedule that harmonized with the stated goal of allowing each parent “equal time” with the child each year.
The trial court merely denied the father’s petition for a custody modification and specified the terms of visitation in accordance with the parties’ intentions and agreement. After a thorough review of this voluminous record, we conclude that there is ample evidence which supports the trial court’s judgment.
The mother also contends that the trial court erred by requiring her to pay a portion of the costs of the court-appointed expert. She cites no authority to support her assertion, and, therefore, provides this eourt with nothing to review on appeal. Rule 28, A.R.App.P.
*879 Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., dissents.