MONROE, Judge,
dissenting.
I disagree with the majority’s determination that the trial court’s judgment merely defined the visitation arrangement rather than modifying the custody order. When a joint custody arrangement favors one parent, the McLendon standard governs the custody modification determination. Jenkins v. Jenkins, 541 So.2d 19, 20 (Ala.Civ.App.1989).
The trial court’s order purported to allow the mother to remain the “primary custodial parent,” but then set out a “visitation” schedule giving the father residential custody of the child for half of the year. This court encountered a similar situation in Hays v. Elmore, 585 So.2d 40 (Ala.Civ.App.1990), in which the trial court had fashioned a “visitation” arrangement by which the father and mother would have alternating custody of the children for two-week periods. This court held that the “visitation” schedule had the effect of changing the original joint custody arrangement, which had placed “physical control” with the mother, and that the trial court erred in ordering the new arrangement because the father had failed to meet the stringent McLendon standard. Id at 44-43. The majority distinguishes Hays based solely on semantics, in my opinion. I believe that, as in Hays, we should decide this case based on the effect of the judgment rather than by the terminology employed by the trial court.
The father attempts to distinguish Hays by arguing that that case did not involve an original custody arrangement that emphasized the father’s right to have “equal time” with the child, and because there is no indication in that case that the parties were routinely switching the child between their homes before the “visitation” order was entered. The majority adopts this argument and discusses at length the fact that the trial court attempted to maintain the spirit of the agreement between the parties regarding custody. There are times, however, when the parties’ intents may not coincide with the best interests of the child. Furthermore, the Supreme Court has recently held that, where a custody determination favors one parent, in determining the standard to apply to a modification determination “it makes no difference that the parties here had worked out an informal arrangement to care for the child.” Ex parte Bryowsky, 676 So.2d 1322, 1325 (Ala.1996). In Bryowsky, the divorce judgment gave the parties joint legal custody and vested physical custody in the mother. The parties entered into an informal arrangement by which the child spent approximately half of his time with each parent. The Court stated that “the arrangement itself did not constitute a waiver on the mother’s part of her right of preference under the divorce judgment,” and it held that the McLendon standard applied to the modification of custody. Id.
In the instant case, the original custody agreement provided that the parents were to work out the visitation for themselves, but it did not indicate that the parties contemplated that the child would reside with the father for extended periods. While the original custody order emphasized that the father was to exercise broad visitation and was to have “equal time” with the child, neither this provision nor the parties’ practice of sharing custody of the child negates the express grant of “actual physical custody” to the mother. Bryowsky, 676 So.2d at 1324425. Therefore, because the original custody order favored the mother, the trial court correctly held that McLendon would apply to a change of custody. Bryowsky, supra; Hays, supra. See also, Blackmon v. Scott, 622 So.2d 393 (Ala.Civ.App.1993); Berrey v. Berrey, 622 So.2d 1316 (Ala.Civ.App.1993).
Having decided that the father had not met the McLendon standard, the trial court erred as a matter of law in modifying “visitation” in a manner that in effect gave him joint physical custody of the child. Hays, supra, at 42-43.
Because I would reverse the trial court’s judgment, I must respectfully dissent.