Stacy Wayne Morris ("the father") and Jackie Denise Morris Padgett ("the mother") were married on January 6, 1996, and divorced on May 13, 2002. Two children were born of the parties' marriage. The divorce judgment incorporated the parties' agreement. Pursuant to the divorce judgment, the mother was awarded primary physical custody of the parties' children. The divorce judgment determined that the father's child-support obligation under the Rule 32, Ala. R. Jud. Admin., child-support guidelines would be $639.76 per month, but it suspended the father's child-support obligation, pursuant to the parties' agreement, because the parties intended to "each have the children practically an equal amount of time."
On December 30, 2002, the father filed a petition seeking a custody modification and also seeking to have the mother held in contempt because she had moved the children from the parties' former marital home in Chilton County to Shelby County without his knowledge. The mother filed a petition for a rule nisi contending that the father should be held in contempt for being delinquent in his child-support, mortgage, and expense payments. The mother later amended her petition and sought to modify the father's schedule of visitation with the children.
On June 12, 2003, following an ore tenus proceeding, the trial court entered a judgment in which it, among other things, denied the father's request for a custody modification, finding that the father had failed to meet the standard set forth in Ex parteMcLendon, 455 So.2d 863 (Ala. 1984). In addition, the trial court ordered the father to pay $885 per month in child support "in compliance with Rule 32, Ala. R. Jud. Admin." The father appealed.
The father argues that the trial court erred in failing to modify custody of the parties' children. Specifically, the father argues that the trial court applied the McLendon standard when it should have used the "best interest" standard set forth in Exparte Couch, 521 So.2d 987 (Ala. 1988). The "best interest of the child" standard applies to an initial custody determination or where there has been no previous custody determination in favor of either parent. Scholl v. Parsons, 655 So.2d 1060, 1062
(Ala.Civ.App. 1995). Where there is a previous custody determination in favor of one parent, that parent is the custodial parent, and the noncustodial parent must meet theMcLendon standard in seeking to modify custody. Id. See alsoS.G. v. P.C., 853 So.2d 246 *Page 159 
(Ala.Civ.App. 2002); Hays v. Elmore, 585 So.2d 40 (Ala.Civ.App. 1990).
The father contends that the divorce judgment did not contain an initial custody determination. In support of that contention, the father cites the language in the divorce judgment that suspended his child-support obligation because the parties intended to have the children "practically an equal amount of time." However, the divorce judgment specifically awarded the mother "primary physical custody" of the children. The father was awarded, in addition to a standard schedule of visitation, visitation with the children for two days each week. Therefore, it is evident that the custody and visitation provisions of the divorce judgment favored the mother.
Further, the divorce judgment incorporated an agreement reached by the parties. The parties were free to agree to share joint physical custody of the children, but their agreement does not clearly reflect that they intended to do so. We conclude, given the language of the divorce judgment, that there was a previous custody determination in favor of the mother and that she is the custodial parent. Hays v. Elmore, supra. Therefore, the standard to apply in considering whether to modify the prior custody determination is the McLendon standard. Scholl v.Parsons, supra; Hays v. Elmore, supra. Under Ex parteMcLendon, supra, a parent seeking to modify custody must demonstrate that the change in custody would materially promote the children's best interests and that the benefits of the change would offset its inherently disruptive effects. We note that a change in the custodial parent's residence is only one factor to be considered in a custody-modification proceeding. Scacca v.Scacca, 694 So.2d 1, 4 (Ala.Civ.App. 1997).
In his brief on appeal, the father does not argue that the evidence does not support the trial court's refusal to modify custody under the McLendon standard. An appellate court cannot create an argument for an appellant. BankAmerica Housing Servs.v. Lee, 833 So.2d 609, 621 (Ala. 2002); McLemore v. Fleming,604 So.2d 353 (Ala. 1992). Therefore, we do not reach that issue.
The father also argues that the portion of the trial court's judgment awarding child support was not supported by the evidence. The father argues that there was no testimony regarding his income and, furthermore, that there were no child-support forms filed with the trial court as is required by Rule 32(E), Ala. R. Jud. Admin.
A noncustodial parent's child-support obligation is governed by the mandatory application of Rule 32, Ala. R. Jud. Admin. Smithv. Smith, 587 So.2d 1217 (Ala.Civ.App. 1991). Rule 32(E), Ala. R. Jud. Admin., requires that "[a] standardized Child Support Guidelines form and a Child Support Obligation Income Statement/Affidavit form shall be filed in each action to establish or modify child support obligations and shall be of record and shall be deemed to be incorporated by reference in the court's child support order." (Emphasis added.) The filing of the child-support forms required under Rule 32(E) is mandatory.Martin v. Martin, 637 So.2d 901 (Ala.Civ.App. 1994).
Although Rule 32(E) mandates that the parties submit the required child-support forms, neither party did so. Therefore, the record on appeal does not contain any child-support forms, and, as a result, this court is unable to determine the manner in which the trial court reached its child-support determination. The mother contends that the trial court's child-support award can be affirmed because, she argues, the trial court could have considered her testimony regarding her current income and it could also have relied on the *Page 160 
child-support forms the parties submitted to the trial court during the original divorce action.
We note that after the father instituted this appeal, the mother filed in this court a "motion to supplement the record." Attached to that motion were what the mother contends arecopies of the parties' child-support forms submitted in the original divorce action. The mother did not comply with Rule 10(d), Ala. R.App. P., in moving the trial court to supplement the record on appeal. Regardless, the documents she now seeks to have included in the record on appeal are not pertinent to the modification proceeding. Further, it is not apparent from the judgment that the trial court referred to any child-support forms when it purported to apply the child-support guidelines in the modification proceeding.
The parties' failure to submit the child-support forms required by Rule 32(E) leaves this court with no alternative but to reverse the trial court's judgment insofar as it orders the father to pay $885 per month in child support. We therefore remand this action to the trial court for further proceedings in compliance with Rule 32, Ala. R. Jud. Admin. See Fomby v.Fomby, 840 So.2d 919 (Ala.Civ.App. 2002); M.S.H. v. C.A.H.,829 So.2d 164 (Ala.Civ.App. 2002); Martin v. Martin, supra.
The mother's motion to supplement the record on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.