MURDOCK, Judge,
dissenting.
Before explaining my primary reason for dissenting in this case, I feel compelled to make two preliminary observations. First, in Ex parte McLendon, 455 So.2d 863 (Ala.1984), our Supreme Court explained that the “presumption [in favor of the natural parent] does not apply after a voluntary forfeiture of custody or a prior decree removing custody from the natural *125 parent.” Ex parte McLendon, 455 So.2d at 865. Therefore, it might be argued that the father, as a result of the trial court’s judgment in J.A.P. v. M.M., 872 So.2d 861 (Ala.Civ.App.2003), lost his custodial presumption as a natural parent as against the grandmother. I would question, however, whether the father lost his custodial presumption as against the mother (a) because the same judgment also removed custody from the mother and (b) because of the unique nature of this case and the successful position taken by the father at trial in support of the grandmother’s petition for custody and against the mother’s claim to custody.
Second, I see no basis in any event for a McLendon presumption in favor of the mother. A McLendon presumption arises in favor of another person when a natural parent has lost his or her presumptive right to the custody of his or her child as a result of a voluntary forfeiture or a prior court judgment and that forfeiture or judgment has been “ ‘acted upon by [the] other person to the manifest interest and welfare of the child.’ ” Ex parte McLendon, 455 So.2d at 865 (quoting Greene v. Greene, 249 Ala. 155, 157, 30 So.2d 444, 445 (1947)) (emphasis added). This is so because, as the Supreme Court went on to emphasize, the “McLendon presumption”
“ ‘is a rule of repose, allowing the child, whose welfare is paramount, the valuable benefit of stability and the right to put down into its environment those roots necessary for the child’s healthy growth into adolescence and adulthood. The doctrine requires that the party seeking modification prove to the court’s satisfaction that material changes affecting the child’s welfare since the most recent decree demonstrate that custody should be disturbed to promote the child’s best interests. The positive good brought about by the modification must more than offset the inherently disruptive effect caused by uprooting the child.’ ”
455 So.2d at 865 (quoting Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976)) (emphasis added). See R.K. v. R.J., 843 So.2d 774, 778 (Ala.Civ.App.2002); Spears v. Wheeler, 877 So.2d 607, 609-10 (Ala.Civ.App.2003) (Murdock, J., dissenting); and Grant v. Grant, 820 So.2d 824, 829-30 (Ala.Civ.App.2001) (Murdock, J., dissenting).
In this case, it was the grandmother who, based upon the prior court judgment against the father, began acting “to the manifest interest and welfare of the child” and with whom the child began to “put down ... those roots necessary for the child’s healthy growth.” McLendon, 455 So.2d at 865. Thus, if there were to be a McLendon presumption operating in this case against the father and in favor of a different custodian, it would be a presumption in favor of the grandmother. The present case, however, is not between the father and the grandmother. On remand the grandmother forsook any claim to custody of the child, and the contest is once again, as it was at the outset, only between the mother and the father.
The child has not put down “roots” with the mother as a result of a prior custody determination, as is required by McLen-don. In this contest between two parents vying for the custody of their child, I therefore see no basis in our precedents to favor the mother with a McLendon presumption.
I come now to my primary reason for dissenting, which is that I believe the main opinion reverses the trial court on grounds not properly before us. This court has repeatedly held, as has our Supreme Court, that the appellate courts of this State will not reverse a trial court on a ground neither presented to the trial court *126 nor argued by the appellant on appeal as a basis for reversal. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992); see also Kids Klub, Inc. v. State Dep’t of Human Res., 874 So.2d 1075 (Ala.Civ.App.2003) (this court will not reverse on a ground not argued on appeal); Morris v. Padgett, 890 So.2d 157 (Ala.Civ.App.2004) (explaining that this court will not create a legal argument for the parties); and Merchants Bank v. Cotton, 289 Ala. 606, 269 So.2d 875 (1972).
The mother did not argue at trial, and does not argue on appeal, that the trial court erred by failing to follow this court’s mandate in J.A.P. v. M.M., to the extent that that mandate may have required a custodial choice between the mother and the grandmother. (The mother no doubt fails to make an issue of any such purported failure to follow this court’s mandate because such a mandate was no longer susceptible to being followed because the grandmother no longer sought custody.) Likewise, the mother did not complain at trial about, and on appeal takes no issue with, the fact that the trial court conducted a new evidentiary hearing on remand.[4]
In light of the foregoing, I believe this court is obligated to proceed at this juncture to a consideration of the merits of the evidentiary issues that are raised in the mother’s brief on appeal. I therefore respectfully dissent.
CRAWLEY, J., concurs.

. The mother may have decided not to contest the trial court’s having conducted an eviden-tiary hearing on remand because of the grandmother’s decision not to continue seeking the custody of the child and because the father had filed a new petition seeking a change of custody to him rather than to the mother.
I also would note that the mother does not argue on appeal, nor did she argue to the trial court, that the trial court erred in failing to give her the benefit of a McLendon presumption.