MURDOCK, Judge,
dissenting.
Unless we are to reweigh conflicting testimony received by the juvenile court ore tenus, see State Department of Human Resources v. R.E.C., 899 So.2d 251, 271 (Ala.Civ.App.2003) (Crawley, J., dissenting), rev’d, Ex parte R.E.C., 899 So.2d 272 (Ala.2004), the record before us requires us to affirm the juvenile court’s judgment resolving the custody dispute between the parties. See Ala.Code 1975, § 12-15-30(b)(1). Although the juvenile court erred in forcing the maternal grandparents to meet the higher “material promotion” standard required under Ex parte McLendon, 455 So.2d 863 (Ala.1984), (rather than simply the “best interest” standard generally applicable in custody disputes, unaided by the presumption in favor of the natural parent when that presumption has been rebutted by a finding of unfitness as it was here, see, e.g., Ex parte Terry, 494 So.2d 628 (Ala.1986)) that error was harmless in light of the fact that the juvenile court nonetheless found in favor of the maternal grandparents. See I.M. v. J.P.F., 668 So.2d 843 (Ala.Civ.App.1995).